LOTTINGER, Judge.
This is an appeal from a judgment of the Lower Court dismissing a temporary restraining order. The facts are as follows:
On February 28, 1960 petitioner, Eugene J. Fontenot, obtained a temporary restraining order against defendant, Lawrence Himel, restraining him from locking a certain gate fronting on U. S. Highway 90 which permits egress and ingress to a road which runs parallel to a drainage canal, and situated near the town of Raceland, Louisiana. A hearing on the rule for issuance of a preliminary injunction was set for March 7, 1960 at 10:00 o’clock a. m.
On March 2, 1960 Lawrence Himel, the defendant herein, filed a Motion to Dissolve the Temporary Restraining Order and to fix reasonable attorney fees for the dissolution of the illegal temporary restraining order, together with exceptions and a prayer for oyer.
The motion to dissolve the temporary restraining order was fixed for Monday, March 7, 1960 at 10:00 o’clock a. m. On March 7, 1960 at 10:00 o’clock a. m. a hearing was held on the matter and the Lower Court rendered judgment on the rule to show cause why the temporary restraining order should not be set aside, in which judgment the said temporary restraining order was dissolved and set aside, and the defendant in rule, Lawrence Himel, was awarded reasonable attorney fees in the amount of $250. The petitioner, Eugene J. Fontenot, has taken this appeal.
The only question before the Court on this appeal is whether or not attorney fees should have been awarded by the Lower Court. Petitioner contends that the award of attorney fees was erroneously made by the Lower Court at a hearing on a rule for the issuance of a preliminary injunction, and that the law and jurisprudence of this state does not provide for attorney fees in such an instance. He recognizes, however, that attorney fees are allowable upon dissolution of an illegal temporary restraining *405 order. Petitioner further contends that there was no evidence adduced relative to the contract for attorney fees or the amount thereof, and that the Lower Court erred in awarding same.
There is no question but that attorney fees are allowable to the successful litigant upon dismissal of an illegal temporary restraining order. On the other hand, attorney fees are not allowable to the successful litigant upon refusal of the Court to grant a preliminary injunction. Department of Conservation v. Reardon, 200 La. 491, 8 So.2d 353. The question, therefore, is whether or not the action taken in the judgment by the Lower Court was upon the rule to dissolve the temporary restraining order or whether it was upon the rule to show cause why a preliminary injunction should not issue. Now the judgment below, according to its own terminology, arose strictly from the hearing on the rule to show cause why the temporary restraining order should not be. dismissed. Said judgment does not mention a preliminary injuntion. It just so happened that the hearing on the dissolution of the temporary restraining order was set for the same time and date as the hearing on the preliminary injunction, and it certainly is obvious that the hearing on the restraining order would necessarily precede that on the preliminary injunction. There is, therefore, no question in our minds that the Lower Court did have the right to award attorney fees as this was hearing on a rule to dissolve a temporary restraining order.
The other contention of petitioner, as to the allowance of attorney fees when there is no proof thereof in the record, is without merit. In Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12, the appellant contended that the Lower Court erred in awarding defendants attorney fees, as there was no evidence in the record to show the value of the services rendered by the defense counsel. The Supreme Court held that there was no merit in this contention as the services of the attorney were rendered under the eye of the Court, and the Judge was fully able to estimate the value of the services. In the light of this decision, we feel that the Lower Court was correct in awarding the attorney fees, as the services of the defense counsel were performed “under the eye of the Court”. Under the circumstances, we find no error in the judgment below, and same will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.