GLADNEY, Judge.
After litigation involving several suits concerned with the succession interests of Lillian Gions Pryor and Sam Pryor, the instant suit was filed by Louis Lyons against L. G. Campbell and Lillian Gions Pryor. This action was No. 30,744 on the docket of the District Court of Bossier Parish and when it came on for trial, it was consolidated with No. 30,743 in which similar claims against the defendants were made on behalf of Sam Gions. Judgments were rendered in both cases. This appeal arises from case No. 30,744. Therein the plaintiff, Louis Lyons, complains of the judgment against L. G. Campbell awarding the sum of $55 but rejecting his other demands. The defendant has neither appealed nor answered the appeal. Manifestly, the award against the defendant Campbell for $55 has become final.
Plaintiff’s total demands were for $1,015 and he complains of error only because of *896 the failure of the trial judge to render judgment for the full amount claimed.
In written reasons for judgment the trial judge made the following findings with respect to the demands under review:
«* * * In Suit No. 30,744 Louis Lyons sought to recover attorney’s fees in the amount of $250.00, $150.00 for embarrassment and humiliation and $560.00 for loss of. enjoyment of property.
“The evidence adduced on the trial of this case on June 27, 1967, indicates that Louis Lyons became the purchaser at sheriff’s sale of the property in question and paid the sum of $1,500.00 for the property. Shortly thereafter he sold the property to one J. W. Saunders for the sum of $5,100.-00.
“Prior to the adoption of the Code of Civil Procedure the jurisprudence of this State was to the effect that attorney’s fees could only be awarded where there was a dissolution of a restraining order or a preliminary injunction on a motion prior to trial. Article 3608 of the Code of Civil Procedure, however, now permits the inclusion of attorney’s fees as an element of damages where the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
“The evidence shows that Sam Gions paid the sum of $260.00 to Louis Lyons as attorney’s fees for the last suit against him filed by Lillian Gions Pryor. However, there is no evidence as to what portion of this fee, if any, could be attributed to the dissolution of the temporary restraining order or preliminary injunction. As a matter of fact the reported decision of the Court of Appeal makes no mention of the injunction and the preliminary injunction was actually dissolved merely by the fact of an adverse judgment being rendered against the plaintiff, Lillian Gions Pryor, in that suit.
“Under the circumstances this Court does not feel that either plaintiff in the present consolidated actions is entitled to an award of attorney’s fees.
“Likewise, this Court does not find that the evidence justifies any award to either plaintiff for embarrassment and humiliation.
tfc ;jc ;jí j}í %
“As to Mr. Lyons’ claim for loss of enjoyment of the property because he was deprived of a $40.00 per month rental for fourteen months, the evidence discloses that Mr. Lyons sold this property for considerably more than he paid for it at sheriff’s sale to the same party he testified that had offered to rent it. His profit in this transaction far exceeds the rental value alleged by him * * * ”
After reviewing the transcript we are of the opinion that the decision of the trial judge is correct and accordingly we adopt and approve his reasons therefor.
Judgment is affirmed, with costs of this Court assessed against appellant.
DIXON, J., concurs and assigns written reasons.