365 So.2d 1178 (1978)
James COOK, Individually and James Cook d/b/a Auto Salvage, Plaintiffs-Appellants,
v.
ED FRANCIS CHEVROLET, INC., and Ed Francis, Defendants-Appellees.
No. 6771.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1180 Stafford, Randow, O'Neal & Smith, John C. Pickels, Alexandria, for plaintiffs-appellants.
Edward A. Kaplan and John B. Honeycutt, Jr., Alexandria, for defendants-appellees.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
This case comes before us on appeal from a judgment dissolving a temporary restraining order and denying the issuance of a preliminary injunction against defendants-appellees, Ed Francis Chevrolet, Inc., and Ed Francis (hereafter Ed Francis). The temporary restraining order was issued to prevent appellees from making delivery of a 1978 Corvette "Indy Pace" car to anyone other than appellant, James Cook and James Cook d/b/a James Cook Auto Salvage (hereafter James Cook). As part of the judgment which denied the preliminary injunction, the trial court awarded Ed Francis the sum of $250.00 for attorney's fees incurred in connection with the dissolution of the temporary restraining order, and denied their claim for damages allegedly sustained as a result of the wrongful issuance of the restraining order. Plaintiff has appealed this judgment, contending that the services of an attorney were unnecessary to dissolution of the order, as the order actually dissolved by operation of law, before the formal judgment was signed and consequently an award to appellees for such fees was improper. Appellant further alleges that he presented a prima facie case in support of the preliminary injunction, and the trial court therefore improperly denied its issuance. Appellees answered this appeal, seeking an increase in the award of attorney's fees to $1,000.00 and seeking damages for the wrongful issuance of the temporary restraining order.
The issues raised on appeal are as follows:
1. May attorney fees be assessed against a party for the wrongful issuance of a temporary restraining order when the hearing to have the order dissolved takes place on the last effective date of the order and the judgment dissolving it was signed on the day after the order had been in effect for ten days and had therefore expired?
2. Was the award of attorney's fees in this case adequate?
3. Are appellees entitled to damages for the wrongful issuance of the temporary restraining order?
4. Should a preliminary injunction have been issued in favor of appellant?
The facts of this case, as reflected by the record, can be summarized as follows: Sometime about the middle of January, 1978, James Cook received information that a limited edition Chevrolet Corvette "Indy Pace" car was being manufactured by General Motors for distribution to Chevrolet automobile dealerships on a one-per-dealership basis. Pursuant to this information, appellant telephoned defendant's dealership twice to inquire about the possibility of ordering one of these cars. There is discrepancy in the testimony adduced at trial as to who appellant spoke with when he telephoned the dealership and what, if any, agreement was confected between the parties as a result of these conversations. However, following these conversations, appellant sent Ed Francis a check for $500.00, which was dated January 26, 1978. Approximately three months after the check was sent, the $500.00 was returned to Cook, at which time he was informed by appellees that they would be unable to obtain an "Indy Pace" car for him. The record does show that an order was placed by appellee on January 5, 1978 for an "Indy Pace" car on behalf of Mr. George Lyles, and that on February 3, 1978 another order was placed *1181 by appellees for the same type of car on behalf of appellant.
On May 5, 1978 appellant filed a petition seeking the issuance of a preliminary injunction, and in due course a permanent injunction, restraining, enjoining and prohibiting appellees from selling or delivering an "Indy Pace" car to anyone other than James Cook. Pursuant to the prayer of plaintiff's petition a temporary restraining order was issued on May 5, 1978 prohibiting sale or delivery of an "Indy Pace" car to anyone other than plaintiff. The rule for a preliminary injunction was set for hearing on the morning of May 15,1978. On May 9, 1978 Ed Francis sought by rule to have the temporary restraining order dissolved and damages for the alleged wrongful issuance thereof. This rule was consolidated for hearing with the rule for a preliminary injunction. At a hearing held on May 15, 1978, the trial court dissolved the temporary restraining order, denied plaintiff's motion for a preliminary injunction and assessed attorney's fees in the amount of $250.00 against appellant. Appellees' prayer for damages was denied by the court.

WERE ATTORNEY'S FEES PROPERLY ASSESSED AGAINST APPELLANT FOR DISSOLUTION OF THE TEMPORARY RESTRAINING ORDER?
LSA-C.C.P. Art. 3608[1] allows the court to award attorney's fees for services rendered in connection with the dissolution of a wrongfully issued restraining order. Appellant contends, however, that in this case appellees did not require the services of an attorney to have the order dissolved, as it had already expired by operation of law by the time the judgment dissolving it was signed.
The record indicates that the order in dispute was signed on May 5, 1978, and was to be effective for a period of ten days if not extended. The order was therefore in effect through May 15, 1978. LSA-C.C.P. Art. 5059. Clearly, when the hearing to have the order dissolved was taking place, on May 15, 1978, the terms of the order were in force and appellees were enjoined at that time from delivering the car. The court rendered judgment from the bench on the date of the hearing, and signed the judgment the next day. Appellant contends that because of the court's delay in signing the judgment, the hearing on the motion was unnecessary. We disagree.
Authority cited by appellant in support of his position does not apply to the facts of this case. In those cases, i. e., Lighthouse Life Ins. Co. v. Rich, 343 So.2d 444 (La.App. 3rd Cir. 1977); Lyons v. Campbell, 216 So.2d 895 (La.App. 2nd Cir. 1968), the restraining order sought to be dissolved had already expired and had not been extended as of the date of the hearing. The services of counsel in those cases were unnecessary, as the issue had, by that time, become moot. This is clearly not the situation in this case. We do not believe that the date of the signing of judgment is determinative of whether the assistance of an attorney was necessary at the hearing to have a wrongfully issued restraining order dissolved under LSA-C.C.P. Art. 3608.
In the alternative appellant argues that an award of attorney's fees for services rendered in connection with the dissolution of a restraining order can only be made when the hearing on the motion to dissolve the order is held exclusively for that purpose. Therefore, appellant argues that attorney's fees could not be properly assessed. We find no merit to this argument.
LSA-C.C.P. Art. 3608 allows recovery of attorney's fees for the dissolution of a restraining order whether the order is dissolved pursuant to a pre-trial motion, or following trial on the merits.

*1182 WAS AN AWARD OF $250.00 FOR ATTORNEY'S FEES SUFFICIENT?
Appellees contend that an award of $250.00 for attorney's fees was inadequate in this case. We find, however, that the services of counsel for appellees were rendered under the eye of the court and the trial court was fully able to estimate the value of these services. It is well settled that in making awards for attorney's fees for the dissolution of a temporary restraining order, the trial court is vested with considerable discretion, the exercise of which will not be interfered with except in a case of clear abuse. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956); Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108 (1959); Fontenot v. Himel, 124 So.2d 403 (La.App. 1st Cir. 1960); Danzie v. Rutland, 232 So.2d 303 (La.App. 2nd Cir. 1970).
From a review of the record and our appreciation of the work done and the issues involved, we find that the fee fixed by the trial court for services rendered in preparation for and during the hearing on the motion to dissolve the temporary restraining order, although perhaps low, is not inadequate. We do recognize, however, that appellees are entitled to an increase in the amount of attorney's fees for services rendered by their counsel on appeal. We will award appellees the additional sum of $250.00 for services of their counsel on appeal.

IS APPELLEE ENTITLED TO DAMAGES FOR THE WRONGFUL ISSUANCE OF THE TEMPORARY RESTRAINING ORDER?
The record indicates that the "Indy Pace" car ordered by appellees on January 5, 1978 for George Lyles did not arrive at Ed Francis Chevrolet until May 12, 1978. Therefore, while the temporary restraining order preventing appellees from delivering the car to Mr. Lyles was issued on May 5th, such order had no effect on appellees until the car was delivered to them. The hearing on the motions was held on May 15th, only three days after the car became available to appellees for delivery. After May 15th, nothing prevented Ed Francis from delivering the car to Mr. Lyles. The total effect of the order was to postpone delivery of the car for a period of three days.
Appellees contend that they are entitled to damages because the delay in delivering the "Indy Pace" car caused bad feelings toward them by Mr. Lyles. At oral argument, appellees further contended that inasmuch as appellants were granted a suspensive appeal in this matter, Ed Francis has still been unable to deliver the car to Mr. Lyles, and as a result of this delay, the value of the car has diminished. We find no merit in either of these contentions.
An order granting a suspensive appeal from the denial of a preliminary injunction has only the effect of a devolutive appeal. Hibernia National Bank v. Mary, 167 So.2d 200 (La.App. 4th Cir. 1964) writs den., 246 La. 876,167 So.2d 826 (1964); Tri-South Mortgage Investors v. Rozands, 354 So.2d 669 (La.App. 1st Cir. 1977). The granting of the suspensive appeal in this case did not operate to suspend delivery of the car to Mr. Lyles. Therefore, in considering appellees' prayer for damages, we are concerned only with the three day period from May 12th, when the car was delivered to Ed Francis, and May 15th when the temporary restraining order was dissolved and the preliminary injunction denied. We find that the record is void of any evidence of ill feelings on Mr. Lyles' part toward appellees based upon this short delay in the delivery of his car. On the contrary, Mr. Lyles' testimony indicates that he was very busy on his farm when the car came into the dealership, and that he was not particularly concerned with picking it up right away. We find that the record does not support appellees' claim for damages suffered as a result of the issuance of the restraining order or the granting of a suspensive appeal from the denial of a preliminary injunction.

SHOULD A PRELIMINARY INJUNCTION HAVE BEEN GRANTED TO APPELLANT?
Appellant contends that he established a prima facie case sufficient to support *1183 the issuance of a preliminary injunction, and that the trial court erred in denying him this remedy. We disagree.
On January 5, 1978, an order was placed by appellee with General Motors for a 1978 "Indy Pace" car. The buyer's name on the order form was Mr. George Lyles. The order number on this form matches the order number which accompanied the vehicle delivered to appellees on May 12, 1978. There can be little doubt that the car, the sale and delivery of which appellant seeks to enjoin, is the car which Ed Francis ordered for Mr. Lyles on January 5, 1978. Mr. Cook testified at trial that he did not contact appellees for the purpose of placing an order for an "Indy Pace" car until some time in the middle of January. His check for $500.00 was dated January 26, 1978, and the record indicates that on February 3, 1978 an "Indy Pace" car was ordered for Mr. Cook by appellee.
The trial court did not favor us with written reasons for judgment, and did not express an opinion as to whether a contractual agreement had been made by Ed Francis to sell an "Indy Pace" car to appellant in January of 1978. However, by denying the issuance of a preliminary injunction, the trial court apparently found that no agreement had been confected by the parties to sell the "Indy Pace" car which was delivered to appellees' dealership on May 12, 1978 to appellant. We find that the record supports this conclusion. We therefore find that the court properly denied the issuance of a preliminary injunction preventing appellees from delivering this car to Mr. Lyles.
For the above and foregoing reasons, the judgment of the trial court is amended so as to increase the award in favor of appellees for attorney's fees from $250.00 to $500.00. In all other respects the judgment appealed from is affirmed at appellant's cost.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C.P. Art. 3608 provides:

"The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits."