PER CURIAM.
Upon re-examination of our opinion in DONALD F. DAWSON and TRUDY SIDES DAWSON VERSUS JOSEPH STEPHEN BONFANTI, JR. & ROBIN GOMEZ BONFANTI, Number 82 CA 0553, we note that in the assignments of error and again in the discussion of assignment of error number 5, we inadvertently mislabeled defendants as plaintiffs and plaintiffs as defendants. For this reason alone, we correct the mislabelings and issue the attached corrected opinion. The corrections herein do not affect our decision nor the reasoning therein.
AFFIRMED IN PART, REVERSED IN PART.
SAVOIE, Judge.
Plaintiffs, Donald F. and Trudy Sides Dawson, filed suit against defendants, Joseph Stephen Bonfanti, Jr. and his wife, Robin Gomez Bonfanti, seeking to enforce under executory process a writ of seizure and sale. They claim that defendants were in default of their mortgage payments with respect to a home purchased by defendants from plaintiffs. Defendants subsequently petitioned the court for a temporary restraining order (TRO) and a preliminary injunction, to arrest the seizure and sale of their home under executory process. A TRO was issued.
At the trial on the preliminary injunction’s merits, the TRO was dissolved and a preliminary injunction was granted, conditioned upon defendants posting a $2,000.00 security bond. Further, plaintiffs were awarded $750.00 in attorney’s fees for the improvident issuance of the TRO.
Defendants appeal, asserting that the trial court erred in:
1. (a) Interpreting the existing jurisprudence to mean that if a written instrument is the least bit ambiguous, then *1373 parol evidence is admissible to establish the common intent of the parties, and (b) Limiting its analysis to the provisions of the mortgage itself in establishing a common intent of the parties and thereby neglecting to take into consideration the relationship of the parties, their connection to the subject matter of the contract, and the circumstances under which the contract was made,
2. Denying the motion in limine in regard to parol evidence as the appellee did not properly plead the alleged ambiguity,
3. Construing the provisions of the act of mortgage against defendants where plaintiffs assumed the obligation and their attorney prepared the language of the mortgage and to thereby render specific provisions of the mortgage sur-plusage,
4. (a) Sustaining plaintiffs’ exception of prematurity, improper accumulation of actions, and improper use of summary proceedings, thereby denying defendants their rights of indemnity, compensation, and extinguishment by its ruling on the hold harmless clause, and
5. Sustaining a second mortgage granted to plaintiffs by defendants securing an indebtedness of $10,000.00 at 12% per annum, it having been extinguished through compensation,
6. Awarding damages for the improvident issuance of the temporary restraining order to cover attorney’s fees for plaintiffs when the injunction being sought by defendants was granted and made absolute, and not granting damages and attorney’s fees to defendants.
7. Holding that plaintiffs’ petition for executory process complied with the procedure required by law for an exec-utory proceeding, and
8. Requiring defendants to post a $2,000.00 security bond for issuance of injunctive relief.
On February 5, 1981, defendants purchased a home from plaintiffs. The deed translative of title was in the form of a sale with a mortgage, subject to a mortgage. It provided a mortgage in favor of plaintiffs to secure a $10,000.00 promissory note subordinated to a pre-existing mortgage in favor of First Federal Savings and Loan Association to secure a $48,000.00 promissory note. The $48,000.00 promissory note bore an interest rate of 9.25% per annum. The First Federal mortgage contained the following provision:
“If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender’s prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant, or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may at Lender’^ option, declare all the sums secured by this Mortgage to be immediately due and payable....”
First Federal was unaware of the sale from the original borrowers, plaintiffs-Dawsons, to the Bonfantis. Upon discovering this fact, First Federal made demand upon the Bonfantis to enter into a new mortgage at 14% per annum interest rate. Based upon a “hold harmless” clause in the contract between the Dawsons and the Bonfantis, Bon-fantis assert that Dawsons owe them the difference between the interest rates charged (i.e., 14%) and the original interest rate (i.e., 9.25%). Dawsons instituted exec-utory proceedings to seize and sell the home, contending Bonfantis breached their agreement by tendering untimely mortgage payments. This preliminary injunction ensued from that proceeding.
Although defendants have asserted seven assignments of error, Nos. 1, 2, 3, 4, and 6 are premature in that a final judgment has not been rendered on their merits. Neither do these assignments of error deal with interlocutory judgments which may cause irreparable injury. As such, these assignments of error are not appealable. L.S.A.C.C.P. 2083. Defendants shall have ade *1374 quate remedy by appeal upon rendition of a final judgment on the merits.
ASSIGNMENT OF ERROR NO. 5
Defendants assert that the trial court erred in awarding plaintiffs attorney’s fees for the improvident issuance of the TRO when injunctive relief was subsequently granted.[1] They also contend that it was error not to grant defendants’ request for damages and attorney’s fees.
L.S.A.-C.C.P. art. 3608 provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
The trial court is vested with considerable discretion in awarding attorney’s fees for dissolution of temporary restraining orders. Such discretion will not be interfered with except in the case of clear abuse of it. Cook v. Ed Francis Chevrolet, Inc., 365 So.2d 1178 (La.App. 3rd Cir.1978).
In brief, defendants assert that plaintiffs failed to show the necessity of hiring an attorney to dissolve the TRO. Failing to do so, defendants contend that plaintiffs cannot be awarded attorney’s fees. However, the record completely refutes any such claim.
In this instance, a TRO was granted on May 18, 1982. Plaintiffs answered defendants’ petition for an injunction to arrest seizure and sale under executory process on May 26, 1982 and reconvened, asking that the TRO previously granted be dissolved. At the hearing on the petition for an injunction on May 26, 1982, the TRO was continued in effect until June 7, 1982 (the date of the trial on the merits for the preliminary injunction). Plaintiffs were thus required to seek counsel in anticipation of further litigation prior to the dissolution of the TRO. As such, we find that the trial court did not abuse its discretion in awarding plaintiffs their attorney’s fees.
Defendants claim that they should have been awarded attorney’s fees and damages based upon L.S.A.-C.C.P. art. 2751 which provides in pertinent part:
“... In the event injunctive relief is granted to the defendant, if the court finds the seizure in the executory proceedings to be wrongful, it may allow damages to the defendant. Attorney’s fees for the services rendered in connection with the injunction may be included as an element of damages.”
Comment (f) of the aforementioned article states:
“The second paragraph to this Article, which was enacted in 1981, is intended to give the trial judge the discretion to award damages and attorney’s fees where the seizure through executory process was wrongful. It is not intended to require that damages and attorney’s fees be awarded in every case when an injunction is issued, for example, where an injunction is issued because of a technical deficiency or a technical error.”
Here, the trial court failed to award damages or attorney’s fees to defendants. Comment (f) supporting the contention that this award is discretionary, we find that the trial court did not abuse its discretion in failing to award attorney’s fees or damages *1375 to defendants. For the above reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 7
Finally, defendants contend that the trial court erred in requiring them to post a $2,000.00 security bond as a condition precedent to issuance of the preliminary injunction. Citing L.S.A.-C.C.P. art. 3610, the trial court stated that a security bond must be posted prior to the issuance of the preliminary injunction. This article provides in pertinent part:
“A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law .... ” (Emphasis added).
L.S.A.-C.C.P. art. 2753 lists those incidents in which security is not required “by law.”[2]
The trial court found, as a matter of fact, that defendants were not relieved of furnishing security “by law.” We disagree. L.S.A.-C.C.P. art. 2753, paragraph 2, excepts from the requirement of security, instances in which the enforcement of the debt secured by the mortgage is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceeding.
In the matter sub judice, the trial court stated that the sole reason for its granting the injunction was that the Dawsons had waived payment of the amounts due on their due date by continuous acceptance of late payments. As such, the failure of the debtor to make his installment payment on the due date was not a default and the institution of the executory proceeding was premature. Accordingly, we find that the trial court’s conclusion is encompassed within the aforementioned exception to the requirement of security. The trial court erred in requiring the Bontantis to furnish security. Therefore, that portion of the trial court’s judgment requiring such security is reversed.
For the above and foregoing reasons, the judgment of the trial court is reversed as to the requirement of Bonfantis’ furnishing security for the issuance of the preliminary injunction. In all other respects, the trial court is affirmed. Defendants, Joseph Stephen Bonfanti, Jr. and Robin Gomez Bon-fanti, are to pay all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART.

. We note that defendants do not assign as error the trial court’s ruling that the TRO was improvidently issued. We, however, examined the record on this point and find that the record, as submitted, reflects no evidence to support a conclusion by this court that such a ruling was manifest error. The petition for executory process was filed May 5, 1982, and a sale was ordered but the record does not contain the date of the sale. While L.S.A.-R.S. 43:203(2) provides that this sale could have taken place at any time after thirty days from the issuance of the order of sale, there is nothing in the record to indicate that such was the case sub judice. We must give great weight to the factual conclusions reached by the trial court. Canter v. Koehring Co., 283 So.2d 716 (La.1978). The granting of a preliminary injunction does not, of itself, absolve a TRO of its imperfections.

. Art. 2753. Security not required in certain cases.
The original debtor, his surviving spouse in community, heirs, legatees, and legal representatives are not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, when the injunctive relief is applied for solely on one or more of the following grounds:
(1) The debt secured by the mortgage or privilege is extinguished or prescribed;
(2) The enforcement of the debt secured by the mortgage or privilege is premature, either because the original term allowed for payment, or any extension thereof granted by the creditor, had not expired at the time of the institution of the executory proceedings;
(3) The act evidencing the mortgage or privilege is forged, or the debtor’s signature thereto was procured by fraud, violence, or other unlawful means;
(4) The defendant in the executory proceeding has a liquidated claim to plead in compensation against the debt secured by the mortgage or privilege; or
(5) The order directing the issuance of the writ of seizure and sale was rendered without sufficient authentic evidence having been submitted to the court, or the evidence submitted was not actually authentic.
Notwithstanding any of the provisions of this Chapter to the contrary, a claim or an action in redhibition shall not be grounds for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, without security as provided by law.