734 So.2d 68 (1999)
Sarah Gail GRANT, Appellant/Appellee,
v.
Thomas A. GRANT, Appellee/Appellant.
No. 31,599-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1999.
*69 Rex D. Rainach, Baton Rouge, Felin J. Bruyninckx, III, Counsel for Appellant/Appellee.
Paul D. Spillers, George M. Snellings, IV, Monroe, Counsel for Appellee/Appellant.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The plaintiff, Sarah Gail Grant, appeals a judgment denying her motion to appoint a provisional trustee to manage a trust, in which she is designated a beneficiary. The defendant, Thomas A. Grant, III, who is trustee, appeals that part of the judgment denying his motion to ratify an administrative amendment to remove the successor trustee. For the following reasons, we affirm.

*70 FACTS
In June 1982, T.A. Grant, Jr., and his wife, Martha B. Grant ("settlors"), established the Revocable Inter Vivos Trust ("RIVT"), a family class trust. During their lifetimes, the settlors had given substantial gifts to their two children, Thomas A. Grant, III and Joseph Bailey ("J.B.") Grant. In order to transfer their estate to their grandchildren, the settlors donated all of their assets to the RIVT. The grandchildren were the principal beneficiaries and the settlors were the income beneficiaries for the remainder of their lives. T.A. Grant, Jr. died in July 1982, and Martha Grant died in 1986. Following each parent's death, the defendant and J.B. Grant signed a document renouncing their rights to demand a reduction of the legacies and donations made in their parents' wills and the trust.
Upon Martha Grant's death, the grandchildren became the income and principal beneficiaries of the RIVT. The four beneficiaries include T.A. Grant, IV, Martha Cecile Grant, and Richard Grant, the children of Thomas Grant, III, and Sarah Gail Grant, the daughter of J.B. Grant. Under the terms of the trust, Thomas Grant, III was designated as the trustee of the RIVT, and if he became unable to serve, J.B. Grant was named as the successor trustee. E. Bailey Grant was designated as the co-trustee.
Since 1982, Thomas Grant, III has managed the RIVT with the assistance of successive co-trustees. Initially, the trust was encumbered with substantial debt which had been incurred by the settlors prior to the donation of their assets. This debt was extinguished in 1992. The current co-trustee is James E. Lowery.
This litigation was initiated in February 1997, when the plaintiff, Sarah Gail Grant, filed a Rule for Accounting against the defendant, Thomas Grant, III, as trustee of the RIVT. The plaintiff was represented by Rex Rainach, who was also the attorney for her father, J.B. Grant. The defendant, as trustee, filed a motion to disqualify counsel, Rex Rainach, because of his dual representation of plaintiff and J.B. Grant, whose interests were potentially adverse. The district court declined to disqualify Rainach, but appointed another attorney to act as a "special `overseer' for the ethical interest" of the plaintiff. However, this overseer was later excused due to his own conflicts of interest, and there is not an ethics adviser currently serving. Defendant applied for a supervisory writ in this court, which refused to disturb the district court's decision. Grant v. Grant, 30,190-CW (La.App.2d Cir.6/26/97). The district court ordered that the defendant provide to plaintiff an accounting of trust funds from its inception.
Subsequently, the defendant and Lowery executed an "administrative amendment" to the RIVT seeking to remove J.B. Grant as successor trustee and eliminate the possibility that he would become trustee upon defendant's death. Defendant filed a motion requesting that the court ratify this amendment. Plaintiff responded by filing an opposition to the motion to ratify and a "Motion to Appoint Co-trustee or Provisional Trustee."
After a hearing, the trial court rendered judgment denying defendant's motion to ratify the amendment and denying plaintiff's motion to appoint a provisional trustee. In its written reasons, the trial court stated that although the terms of the trust and LSA-R.S. 9:2025 gave the trustee authority to modify trust administrative provisions, the court declined to ratify defendant's amendment because "ratifying such an action would ... decide an issue which should have been brought by ... declaratory judgment."
In a footnote, the court noted that plaintiff's motion to appoint a provisional trustee sought the constructive removal of defendant as trustee. The court stated that a trustee may only be removed for "cause," which places the trust in jeopardy. The trial court found that although certain actions of the defendant as RIVT *71 trustee could appear questionable, the conduct was not sufficient "cause" to warrant the removal or temporary replacement of defendant as trustee. Each party has appealed the judgment.

DISCUSSION
In three assignments of error, the plaintiff contends the trial court erred in refusing to appoint a provisional trustee. Plaintiff first argues that a provisional trustee is required because defendant was not given authority under the trust to appoint successive co-trustees and that a qualified trustee is not currently serving.
The Louisiana Trust Code defines a trust as the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another. LSA-R.S. 9:1731. A trustee is a person to whom title to the trust property is transferred for administration as a fiduciary. LSA-R.S. 9:1781. An original, alternate, or successor trustee may be designated in the trust instrument or chosen as provided therein. LSA-R.S. 9:1785.
Here, the trust instrument designated the defendant and E. Bailey Grant as co-trustees. The trust provides that defendant "shall have the power to remove E. BAILEY GRANT as co-trustee and shall appoint a successor co-trustee in the event of his removal, or inability to serve for any other reason. If T.A. GRANT, III, should become unable or unwilling to serve, we appoint JOSEPH BAILEY GRANT as successor trustee."
In her brief, plaintiff contends that although the trust allowed defendant to select Walter Dunn as a replacement co-trustee after E. Bailey Grant's resignation, defendant did not have the authority to appoint subsequent co-trustees after Dunn resigned, at which point the co-trusteeship terminated. Plaintiff asserts that J.B. Grant is thus the sole trustee, but since he cannot serve due to his existing conflict with the trust, a provisional trustee must be appointed. However, a reasonable reading of the trust language does not support the plaintiff's assertion. The trust provision gave defendant the authority to remove E. Bailey Grant, or if he ceased to serve, directed the defendant to appoint a successor co-trustee. The trust instrument does not otherwise require or prohibit the appointment of subsequent co-trustees. When this provision is considered in light of the trust terms giving the defendant broad discretion in managing the trust, the appointment of successive co-trustees is not inconsistent with defendant's duties as trustee.
The plaintiff next argues that a provisional trustee is required because defendant has breached his duties by neglecting to issue reports of trust activity to the beneficiaries, improperly making payments of trust income to several individuals who are not beneficiaries, and by failing to collect trust assets. The plaintiff asserts that defendant should have collected the entire amount of a promissory note issued by defendant's company, Tryall, Inc., for purchase of trust property. Additionally, plaintiff claims that defendant is liable to pay $335,100 as reflected in a promissory note which he and his brother signed in 1982.
The court may appoint a provisional trustee if necessary to preserve, safeguard and administer the trust property. LSA-R.S. 9:1786. The nature and extent of a trustee's duties are determined from the provisions of the trust instrument, except as otherwise expressly provided in the Trust Code. LSA-R.S. 9:2061. A trustee is required to administer the trust solely in the interest of the beneficiary. LSA-R.S. 9:2082. The fundamental duty owed by a trustee to a beneficiary is that of loyalty. Id., Comment (c).
The trustee, in administering the trust, shall exercise such skill and care as would a person of ordinary prudence in dealing with his own property. LSA-R.S. 9:2090. A trustee owes a duty to the beneficiary to take reasonable steps to control and preserve *72 the trust property. LSA-R.S.2091. A trustee has a duty to keep and render clear and accurate accounts of the administration of the trust. At least once a year, the trustee shall render to a beneficiary an accurate account of his management of the trust for the preceding year. LSA-R.S. 9:2088. A trustee shall give a beneficiary upon request at reasonable times complete and accurate information as to the nature and amount of the trust property. LSA-R.S. 9:2089.
Pursuant to Section 1786, the appointment of a provisional trustee is envisioned when a trustee is not serving or an action is pending for his removal. Such a situation is not involved in the present case, where a trustee named by the settlors is currently administering the trust. The evidence shows that with the exception of 1982 trust documents, all of which were apparently lost, defendant has maintained financial records concerning trust income and distributions.
Although defendant failed to render an annual accounting to the beneficiaries as required by the Trust Code, he made such information available upon request until 1997, when he alleged that an attorney's representation of the plaintiff created a conflict of interest. The Trust Code allows a beneficiary to institute an action to compel the trustee to perform his duties. LSA-R.S. 9:2221. Plaintiff exercised this right by filing a rule for an accounting, and she obtained financial records for each year of the trust. The trial court found that the records submitted by the defendant were substantially in compliance with Section 2088, subject to proof to the contrary. Under these circumstances, the defendant's delay in providing trust financial information and failure to provide annual accountings do not establish grounds for appointment of a provisional trustee.
The plaintiff also contends that the defendant's management of trust assets requires appointment of a provisional trustee. The trust instrument gives defendant broad authority to administer the trust. Paragraph IX of the trust provides that in addition to those powers conferred by the Louisiana Trust Code, and without any attempt to limit such powers, the defendant and co-trustee have the authority to sell, mortgage or lease any notes, real estate and "other trust property, upon such terms, cash or credit, or both, as the trustees may deem advisable." The trustees also have the power to buy or sell property to or from themselves.
Regarding the trust loan to Tryall, defendant testified that the difference in the promissory note amount and the net proceeds reflected building demolition and closing costs. Defendant stated that the trust benefitted from the sale of the building and averted the expense of costly asbestos removal. The defendant testified that the $335,100 promissory note, which he and his brother signed, could not be collected because it did not reflect actual money borrowed. In signing the note, now asserted to have been meaningless, the defendant was apparently motivated by a desire to relieve the trust from paying higher taxes, and not to deprive the beneficiaries of income. In addition, defendant possessed the discretion to accept less than the stated sale price from Tryall and not collect the promissory note amount under paragraph IX, subparagraph 4 of the trust instrument, which authorizes defendant to compromise, settle or abandon any claim or demand in favor of the trust.
Concerning the distributions to non-beneficiaries, we note that two of the recipients were relatives of the settlors and the third was their long time employee. Defendant testified that the settlors, as income beneficiaries, instructed him to make payments of trust income to Bell, the sister of T.A. Grant, Jr., and to Duffy, who was Martha Grant's nephew. Defendant stated that the settlors had promised that after their deaths, Carrie Smith would receive a pension in return for her services to the settlors. Even if this evidence cannot be used to expand the written terms of the trust, the testimony is instructive regarding *73 the reason why defendant considered these distributions to be obligations of the trust.
The plaintiff criticizes the defendant's method of allocating trust distributions through the use of separate trust "accounts," by which houses were purchased with trust funds for the use of two of the beneficiaries. Defendant testified that this method of distributing trust income was intended to reduce the tax burden of the trust. Additionally, Paragraph IX.21 of the trust authorizes the trustee to acquire property returning no income, including real property to be used as a residence by a beneficiary.
Under defendant's management, each beneficiary at some time received a distribution of trust income not given to the others. The evidence shows that the defendant maintained a record of such distributions so that the relative amounts received by the beneficiaries could be ascertained. John Robinson, a Monroe certified public accountant, testified that his firm performed an audit of the trust in 1988 and that he was able to obtain relevant information from the trust. Robinson stated that the trust financial statements were prepared in accordance with generally accepted accounting principles and were free of any material mis-statement. Although the plaintiff presented testimony showing that there were alternatives to the defendant's method of managing the trust, plaintiff failed to establish that defendant exceeded his authority under the trust instrument so as to require appointment of a provisional trustee to preserve and administer the trust property. Consequently, based on this record, we cannot say the trial court abused its discretion in declining to appoint a provisional trustee. The plaintiff's assignments of error lack merit.

Administrative Amendment
The defendant contends the trial court erred in refusing to ratify the trustees' amendment of the trust provisions to remove Joseph Bailey Grant as successor trustee. Defendant argues that the district court should have modified the trust because continuing it unchanged would defeat the purpose of the trust.
A settlor may delegate to another person the right to modify the administrative provisions of the trust. LSA-R.S. 9:2025. The proper court may order the modification of a trust, in whole or in part, if to continue the trust unchanged would defeat or substantially impair the purposes of the trust. LSA-R.S. 9:2026. Paragraph IX.26 of the trust instrument provides that the trustee may modify the administrative provisions of the trust, in accordance with Louisiana Trust Code Article 2025, if such a modification is deemed to be in the best interest of the beneficiary or to provide for more efficient operation of the trust.
Here, the record indicates that defendant and the co-trustee have filed a separate action to address J.B. Grant's claims regarding the extent to which property was properly transferred into the trust corpus. The defendant has continued to serve as trustee during the present proceeding. Pursuant to R.S. 9:2026, the district court has discretion to order a modification of the trust, if it finds that continuation of the trust unchanged would substantially impair the purposes of the trust.
Reviewing courts will defer to a trial court's reasonable decision on a question properly within its discretion. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Based upon this record, and considering the fact that the Trust Code, pursuant to LSA-R.S. 9:2221, gives the beneficiaries the ability to institute an action to remove a trustee who would impair the trust purpose, we cannot say the trial court abused its discretion in denying the defendant's motion to ratify the administrative amendment. The assignment of error lacks merit.

Conflict of Interest
In two assignments of error, defendant contends the trial court and this court *74 erred in finding that the plaintiff validly waived any conflict of interest caused by her attorney's representation. Defendant argues that Louisiana public policy prohibits an attorney from representing two claimants to the same property.
Rule 1.7 of the Code of Professional Conduct states that loyalty is an essential element of the lawyer's relationship with the client. Rule 1.7 provides that a lawyer must not represent a client if the representation will be directly adverse to another client or will materially limit the lawyer's responsibility to another client. However, Rule 1.7 allows a client to consent to such representation after consultation.
The defendant has not presented any Louisiana authority stating that a client in plaintiff's position may not waive her objection to the potential conflict of interest raised by her attorney's representation. In her deposition, plaintiff testified that attorney Rainach had advised her of the potential conflict of interest in his representing both plaintiff and Joe Bailey Grant. The plaintiff stated that she understood the risk and freely waived her objection to any conflict. In addition, we note that the plaintiff's consent to the representation is not a waiver of her right to complain in the future about any professional negligence which may occur during such representation. See Schlesinger v. Herzog, 95-1127 (La.App. 4th Cir. 4/3/96), 672 So.2d 701.
After reviewing the record, we cannot say the trial court was clearly wrong in finding that the plaintiff knowingly waived her objection to the conflict of interest. Accordingly, the trial court did not abuse its discretion in declining to disqualify attorney Rex Rainach from representing the plaintiff in the present matter. The assignments of error lack merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed one-half to the plaintiff, Sarah Gail Grant, and one-half to the defendant, Thomas A. Grant, III, as trustee of the revocable inter vivos trust.
AFFIRMED.