580 So.2d 513 (1991)
Barbara Brainard FAIRCHILD, et al.
v.
Ralph Berry FAIRCHILD.
No. 90-CA-1790.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*514 Terence L. Hauver, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for appellee.
Lanny R. Zatzkis, Karen D. McCarthy, Deborah M. Sulzer, Zatzkis & Associates, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
Barbara Brainard appeals the trial court's denial of her motion, pursuant to Code of Civil Procedure Article 863, for sanctions as a result of interrogatories propounded by her former husband, Dr. Ralph B. Fairchild.

FACTS AND PROCEDURAL HISTORY:
Ralph Berry Fairchild and Barbara Brainard were married February 15, 1981. Two children were born of the marriage. On August 25, 1987, Brainard filed a Petition for Separation. Fairchild filed for divorce on February 14, 1989 and Brainard filed for divorce on May 3, 1989.
In October of 1987, both parties entered into a consent judgment whereby the children were to reside with Brainard subject to visitation with Fairchild. A judgment to this effect was signed on May 19, 1988.
The merits of the divorce and rule for permanent custody were heard during an eight day trial beginning September 11, 1989. Judgment was entered October 23, 1989[1] granting Fairchild sole custody of the minor children. Brainard was granted *515 visitation contingent upon her continued therapy with her treating psychiatrist who was to inform the court if therapy was discontinued. In lengthy reasons for judgment, the trial court concluded that Brainard had a pattern of unstable behavior, was addicted to drugs and alcohol, and was suffering from a mental illness.
Shortly after the custody decree, Fairchild and the children moved to San Diego, California. On November 20, 1989, an amended judgment was signed clarifying and setting forth the Christmas and spring break visitation. The judgment further ordered Fairchild to pay all the transportation costs of said visitation.
On January 31, 1990, Brainard filed a Motion and Order to set specific spring break visitations and transportation costs. Brainard made travel arrangements aboard Continental Airlines for April 7 thru April 15, 1990. These flights did not necessitate a change of planes. Fairchild requested that the flights be changed to American Airlines which Fairchild claimed were less expensive. Following discussions between counsel, an order to this effect was signed on February 8, 1990 changing the children's flights to American Airlines.
On March 19, 1990, interrogatories were propounded to Brainard by Fairchild requesting residence information and whether Brainard was continuing her court ordered therapy. Service was effected on March 26, 1990.
On March 20, 1990, Fairchild filed a Motion and Order to Shorten Time to Answer Interrogatories. The order was signed that same day.
By letter dated March 27, 1990, counsel for Brainard informed counsel for Fairchild of Brainard's new address and phone number.
By letter dated March 30, 1990, Brainard forwarded to Fairchild her Responses to Interrogatories, objecting to each interrogatory as being procedurally improper since there were no proceedings pending at the time. Brainard did provide Fairchild with the address and telephone number of the children's location during the visitation.
On April 3, 1990, Fairchild filed a Motion to Compel Answers to Interrogatories, Motion to Suspend Visitation and Request for Expedited Hearing.
Shortly before the scheduled visitation of April 7, 1990, Brainard contacted American Airlines to confirm the flight arrangements for the children. American Airlines informed her that the five year old would not be allowed to board the plane without an adult. Angered by this information and feeling Fairchild had acted in bad faith in requesting the change to American Airlines as a means to sabotage her visitation, Brainard filed a Motion to Amend Order and for Contempt.
The court set the hearings on the Motion to Compel and Motion to Amend and for Contempt to be heard on April 6, 1990.
Following a status conference, the trial court determined the mistake with the airline tickets was an oversight and denied Brainard's motion. New flight arrangements were made and the visitation proceeded as scheduled.
Following a hearing on the Motion to Compel, the trial court denied Fairchild's motion as to interrogatories 1, 2, 3, 4, 7 and 8 and granted the motion as to interrogatories 5 and 6 which asked Brainard which appointments with her psychiatrist she had kept and which appointments she had missed. Brainard was given until April 9, 1990 within which to answer.
Brainard applied to this court for supervisory writs.
On April 10, 1990, this Court granted writs and reversed the trial court finding that there was no pending actions before the trial court to warrant the interrogatories. The court further stated, "It is within the discretion of the trial court, however, to modify its judgment of visitation to protect the best interest of the children."[2]
On May 17, 1990, subsequent to receipt of this Court's decision, Brainard filed a Motion For Attorney's Fees, Costs and Sanctions pursuant to La.C.C.Pro. Art. 863 *516 alleging that the interrogatories propounded by Fairchild and the subsequent Motion to Compel were improper in that they were not warranted by existing law and were interposed for an improper purpose  harassment and needless increase in the cost of litigation.
In response, Fairchild filed, on June 18, 1990, a Peremptory Exception of No Cause of Action and Motion for Protective Order.
Following a hearing on the motions and exceptions, Fairchild moved for a directed verdict. The trial court granted the motion finding that Brainard failed to prove harassment. The trial court denied the Motion for Protective Order and Brainard's Motion For Attorney's Fees, Costs and Sanctions. A judgment to this effect was signed June 20, 1990.
Brainard appeals the June 20, 1990 judgment asserting:
1) The trial court erred in granting the Motion For a Directed Verdict and in denying the Motion For Attorneys Fees, Costs and Sanctions; and
2) The trial court erred in not finding that the pleadings complained of herein were interposed for an improper purpose.
Louisiana Code of Civil Procedure Art. 863 reads in pertinent part:
"B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." (emphasis added)
Article 863 is derived from Rule 11 of the Federal Rules. Because there is limited jurisprudence interpreting and applying Article 863,[3] the Federal decisions applying Rule 11 provide guidance to this court. See, Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2nd Cir. 1990). Both Rule 11 and Article 863 apply to the signing of pleadings, motions and other papers imposing upon attorneys and litigants affirmative duties as of the date a document is signed. The district court must determine if the individual, who has certified the document purported to be violative, has complied with those affirmative duties. See, Thomas v. Capital Security Services, 836 F.2d 866 (5th Cir.1988). The standard of review by the appellate court has been referred to as the "abuse of discretion" standard. Diesel Driving Academy, Inc., supra. We conclude that the appropriate standard is the "manifestly erroneous" or "clearly wrong" criteria used by the appellate court in reviewing a trial court's factual findings.
The obligations imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Diesel, supra.
*517 Among the factors to be considered in determining whether reasonable factual inquiry has been made are:
1) The time available to the signer for investigation;
2) The extent of the attorney's reliance on his client for the factual support for the document;
3) The feasibility of a prefiling investigation;
4) Whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
5) The complexity of the factual and legal issues; and
6) The extent to which development of the factual circumstances underlying the claim requires discovery. Diesel Driving, supra, citing Thomas, supra.
The factor for determining whether reasonable legal inquiry was made include:
1) The time available to the attorney to prepare the document;
2) The plausibility of the legal view contained in the document;
3) The pro se status of the litigant; and
4) The complexity of the legal and factual issues raised.

Diesel Driving, supra, citing Thomas, supra.
Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. See, Gaiardo v. Ethyl Corporation, 835 F.2d 479 (3rd Cir.1987), citing Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N, 832 F.2d 31 (3rd Cir.1987). Furthermore, noting in the language of Rule 11 or Article 863 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified. Gaiardo, supra, citing Golden Eagle Distributing Corporation v. Burroughs Corporation, 801 F.2d 1531 (9th Cir.1986). Failure to prevail does not trigger a sanction award. Gaiardo, supra.
In determining a violation of Rule 11 or Article 863 the trial court should "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted." Gaiardo, supra at 484.
In reasons for judgment, the trial court stated:
"I think they (the Court of Appeal) were as troubled that this is a very difficult custody case and there may have been reasons for the attorneys wanting to know what was asked for in the interrogatories. I just don't see any point in granting sanctions because I don't see the harassment. I don't believe you proved it."
We find no error in these conclusions.
The record shows the interrogatories were eight in number and were simple and straightforward. They requested residence information and information regarding Brainard's continued therapy with Dr. Carmen Palazzo. At the time the interrogatories were filed, the trial court believed that the two regarding the therapy should be answered. Counsel for Fairchild vehemently denied filing the interrogatories or the subsequent Motion to Compel and Suspend Visitation to harass Brainard. He admitted that there was no pending rule as such, but believed that pursuant to Civil Code Article 146,[4] he had a right to file the interrogatories because custody and visitation are ongoing matters subject to change or modification at any time. He further testified that he received information from Dr. Fairchild that Brainard had moved. He wanted the answers in the form of sworn responses to interrogatories because he felt they would be reliable. He testified that once Brainard opposed the interrogatories, the best interest of the children required the filing of the Motion to Compel and Suspend Visitation.
Considering the history of this litigation, and particularly the fact that the children's visitation was contingent upon *518 Brainard's continued psychiatric therapy, we do not find that the conduct of counsel for Fairchild is sanctionable. The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Any lesser standard would serve to seriously impair the rights of a party as a litigant.
Brainard argues that the trial court found only that the pleadings were not filed for harassment purposes, and did not address the issue of whether they were warranted by existing law. She urges that because there were no proceedings pending, there was no legal justification for filing the interrogatories and the motion to compel the answers. Although this Court ultimately agreed with that legal proposition, we cannot say that the filing constituted a sanctionable violation of Article 863. It would be difficult to reach a contrary result where the trial court initially ruled, at least in part, in Fairchild's favor on that issue. Sanctions are not justified merely because that position was ultimately reversed.
In response to Brainard's brief in this Court, Fairchild filed, as a preface to his original brief, a Motion to Strike and For Sanctions. Fairchild refers this Court to various portions of Brainard's "Statement of the Case" asserting these portions violate Rule 2-12.4, Uniform Rules  Courts of Appeal, in that they are not a concise statement of facts, but rather are replete with statements and suppositions, insults and legal arguments unsupported by the record. Fairchild requests this Court strike those offending portions and impose sanctions in the amount of $5,000.00 in attorney fees. Brainard counters by requesting in her reply brief that this Court deny Fairchild's Motion to Strike and for Sanctions and requests that this Court strike portions of Fairchild's brief as equally violative of Rule 2-12.4.
While there is some merit in these arguments, we find neither brief contains language so discourteous or incorrect as to be violative of Rule 2-12.4. Both motions are denied.
For the reasons assigned above, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The October 23, 1989 judgment granting sole custody to Fairchild is currently on appeal in this court.
[2] Fairchild v. Brainard, 90-C-0610, (Fourth Circuit Court of Appeal, April 10, 1990).
[3] This court has handed down this date another "sanctions" case entitled Andrea A. Loyola and Charles Rosner, III v. Benson Chevrolet Co., Inc., 580 So.2d 506 (La.App.1991), under Article 863. The reasoning of that case is nearly identical to the instant case.
[4] Article 146 was redesignated as Article 131 pursuant to Acts 1990, No. 1008, Sec. 8, and Acts 1990, No. 1009, Sec. 10, both effective January 1, 1991.