684 So.2d 966 (1996)
Thomas GREEN, Jr.
v.
WAL-MART STORE # 1163.
No. 96-CA-1124.
Court of Appeal of Louisiana, Fourth Circuit.
October 17, 1996.
Rehearing Denied January 16, 1997.
*967 Pierre M. Legrand, Ungarino & Eckert, Metairie, for Appellant.
William J. Levenson, James Minge, James Minge & Associates, New Orleans, for Appellee.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
CIACCIO, Judge.
Attorney, Matthew J. Ungarino, appeals the imposition of La. C.C.P. art. 863 sanctions in the amount of $1,000.00 stemming from a motion for summary judgment filed on behalf of his client, Wal-Mart Stores, Inc.
This dispute arises from a demand for compensation benefits filed by Thomas Green, Jr., against his employer, Wal-Mart Stores, for injuries allegedly sustained in a February 1, 1994, work related accident.
Wal-Mart answered Green's demand denying liability and moved for the summary judgment dismissal of the claim arguing as an "uncontested fact" that Green failed to report his injury to Wal-Mart within the 30 day period mandated by La. R.S. 23:1301. Wal-Mart supported its motion with the affidavits of three employees. Mary Guerrera, personnel manager, stated that company records indicated that Wal-Mart's first notice of Green's injury was on May 16, 1994. Patrick Burke and Ronald D. Huddleston, receiving manager and Green's direct supervisor, respectively, both denied receiving notice from Green at any time of an on the job injury. Ungarino also offered in support of summary judgment a "Statement of Uncontested Facts", which he signed, stating that: "Plaintiff failed to report his alleged back injury until May 16, 1994".
Green filed an opposition memorandum, attaching portions of his deposition, which was taken by Ungarino's office. Green's testimony indicates that he immediately reported the accident to his supervisor "Ron" who noted the incident in the "log book". In conjunction with the opposition, Green's counsel requested C.C.P. art. 863 sanctions, suggesting that Ungarino's certification, as "uncontested fact", that Green failed to give timely notice of his injury, amounted to an intentional and sanctionable misrepresentation to the court because Ungarino knew, or should have known, that Green's deposition testimony indicated otherwise. Green's counsel demanded $937.50 in fees, based on a computation of 6.25 hours, at an hourly rate of $150; plus $86.94 in costs, incurred in opposing the motion.
The hearing officer granted the request for sanctions reasoning that Ungarino:
... violated Article 863 ... by certifying to the Court that there were uncontested facts ... when, in fact, [he] knew or should have known that there were contested facts which would preclude summary judgment. *968 The Court hereby ... imposes upon [him], personally, the appropriate sanction of $1,000.00, payable to James Minge & Associates.
Ungarino seeks reversal of the adverse judgment, arguing first that the hearing officer erred in awarding sanctions; and second, that the award was erroneously made to Green's counsel, rather than to Green. We find both of these arguments to have merit.
Louisiana Code of Civil Procedure Art. 863 reads in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fees.
First, we find that the hearing officer erred in directing the sanctions payable to Green's attorney, rather than directly to Green. Although La. C.C.P. art. 863(D) affords the court the option of imposing the sanction on the person who made the certification or the represented party, or both, the article restricts payment of the sanction to the "other party or parties."
We turn next to the issue of the propriety of the sanction itself. La. C.C.P. art. 863 is derived from Rule 11, FRCP, and because there is limited jurisprudence interpreting and applying Article 863, the federal decisions provide guidance for this court. See Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2nd Cir.1990). Both Rule 11 and Article 863 apply to the signing of pleadings, motions and other papers imposing upon attorneys and litigants affirmative duties as of the date a document is signed. The district court must determine if the individual, who has certified the document purported to be violative, has complied with those affirmative duties. See, Thomas v. Capital Security Services, 836 F.2d 866 (5th Cir.1988). The standard of review by the appellate court has been referred to as the "abuse of discretion" standard. Diesel Driving Academy, Inc., supra.
La. C.C.P. art. 863 requires the attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. Subjective good faith does not satisfy the duty of reasonable inquiry. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990), citing Thomas v. Capital Sec. Services, Inc., 836 F.2d 866 (5th Cir.1988).
Among the factors to be considered in determining whether reasonable factual inquiry has been made are:
1) the time available to the signer for investigation;
2) the extent of the attorney's reliance on his client for the factual support for the document;
3) the feasibility of a prefiling investigation;
4) whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
5) the complexity of the factual and legal issues; and
6) the extent to which development of the factual circumstances underlying the claim requires discovery. Diesel Driving Academy, Inc., 563 So.2d at 902, citing Thomas, 836 F.2d at 875-876.
*969 Factors for determining whether reasonable legal inquiry was made include the document; the plausibility of the legal view contained in the document; the pro se status of the litigant; and the complexity of the legal and factual issues raised. Diesel Driving Academy, Inc., supra, citing Thomas, supra.
Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Fairchild v. Fairchild, 580 So.2d 513, 517 (La. App. 4th Cir.1991). On appellate review, a trial court's finding as to a sanctionable violation of C.C.P. art. 863 may not be disturbed unless the record furnishes no evidence to support the finding, or the finding is clearly wrong. Id., Loyola v. A Touch of Class Transp. Service, Inc., 580 So.2d 506 (La.App. 4 Cir.1991).
We have reviewed the entire record in the matter, and we do not find that the conduct of defense counsel to be sanctionable. Although Ungarino's office deposed plaintiff Green and therefore knew, or should have known, that Green disputed Wal-Mart's assertion of untimely notice, there was overwhelming evidence in support of defendant's contention that notice was not timely received. Under these circumstances, we find that Ungarino's certification that there was no dispute concerning timely notice to be reasonable and did not rise to the level of an intentional or sanctionable misrepresentation.
As this court stated in Fairchild, supra, 580 So.2d at 518:
The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Any lesser standard would serve to seriously impair the rights of a party as a litigant.
Based on the substantial evidence presented by defendant indicating that plaintiffs first report of the accident was untimely, we conclude that defense counsel was justified in filing a motion for summary judgment on this issue. That the hearing officer may have determined otherwise by denying defendant's motion is not grounds for the imposition of sanctions in this case. We therefore find that the judgment of the hearing officer imposing sanctions on defense counsel to be manifestly erroneous.
Accordingly, for the reasons assigned herein, the judgment of the hearing officer imposing sanctions on Matthew J. Ungarino is hereby vacated and reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.