I «DOWNING, J.
This matter before us is an appeal of a judgment denying damages for the wrongful issuance of a temporary restraining order (TRO). For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
A TRO was issued in the trial court enjoining the City of Baton Rouge, Parish of East Baton Rouge (City/Parish) from terminating a contract with J. Caldarera & Co., Inc. (Caldarera), involving a project at the Baton Rouge Metropolitan Airport. City/Parish took supervisory writs. On February 2, 2002, this court reversed the TRO and concluded that Caldarera failed to demonstrate irreparable harm and was thus not entitled to an injunction. City/Parish then terminated the Caldarera contract and filed a Motion for Damages[1] to recover the damages it allegedly suffered as a result of the wrongful TRO. At a hearing on January 21, 2003, the district court denied City/Parish’s motion. City/Parish now appeals that decision, alleging that the trial court erred as a matter of law in ruling that damages for the wrongful issuance of a TRO are only proper when the requesting party failed to follow the correct procedure in obtaining the TRO.
DISCUSSION
Louisiana Code of Civil Procedure article 3608 provides that the court may allow damages for the wrongful issuance of a TRO and that attorney fees for the services rendered in connection with its dissolution may be included as an element of damages. (Emphasis added.)
I ¡¡The judgment at issue simply states that the Motion for Damages for the Wrongful Issuance of the Temporary Restraining Order is dismissed with prejudice. The court’s oral reasons, however, said the following:
I granted the TRO after due consideration, feeling that Caldarera was entitled to it at the time, based upon the information I had before me. The 1st Circuit disagreed and reversed it, but that was on an issue of law, not on any procedural things that Caldarera may have done or anything that was wrongly done; and I don’t believe that damages in this situation are due for the issuance of this TRO. All the proper procedures were performed; it was a matter of interpretation. I interpreted it in favor of Cal-darera; the Court of Appeal interpreted it differently. But I don’t believe there was anything done wrongfully by Calda-rera in this case. For that reason, I deny the Motion for Damages.
City/Parish argues that these statements indicate that the district court erred, as a matter of law, in denying the award for damages by focusing on whether the procedure utilized by Caldarera was wrongful. Citing Arco Oil & Gas Co., a Div. of Atlantic Richfield Co. v. DeShazer, 98-1487 (La.1/20/99), 728 So.2d 841, *730 City/Parish correctly argues that the motivation of the party seeking the injunction is not at issue, but that damages are available, as a matter of law, when the court simply grants a TRO that is improper and infringes upon some right of the enjoined party. City/Parish contends that the last sentence of the oral reasons specifically shows that the trial court erred as a matter of law in making “bad faith” a requirement before awarding damages.
We disagree. While perhaps the trial court inartfully expressed its reasons for not awarding damages, there is no showing in the record to indicate that it thought damages were precluded absent a finding of bad faith. The trial court stated that it would not award damages, not that it could not award damages in this situation.
|4It is apparent that the trial court was aware that it was not limited by law to award damages only where bad faith is shown. Nothing in the record indicates otherwise.
In addition, City/Parish’s further reliance on Arco is misplaced. The Arco case involved whether article 3608 allowed mental anguish damages when a TRO was wrongfully issued, not whether damages must be awarded as a matter of law if the TRO was issued in error. In fact, the court in Arco specifically stated that although the code provides for damages for the wrongful issuance of a TRO, “it is clear from the legislature’s use of the word ‘may’ that the provision which authorizes assessment of damages is not mandatory in its application. Rather, a trial judge may use his discretion when determining whether to award damages.” Arco, 98-1487, p. 4, 728 So.2d at 844. Thus, to hold that the trial court should, as a matter of law, exercise its discretion in a particular way is to strip the trial court of the very discretion article 3608 confers upon the trial court. See Board of Commissioners of the Orleans Levee District v. Connick, 95-1456, p. 5 (La.App. 4 Cir. 3/14/96), 671 So.2d 1004, 1007. The article’s wording specifies that its application is not mandatory. The use of the word “may” affirms that the award of damages, including attorney fees, is left to the discretion of the trial court. Consultant Service Brokers, Inc. v. Housing Authority of the City of Alexandria, 428 So.2d 1336, 1337 (La.App. 3 Cir.1983). Also see Amacker v. Amacker, 146 So.2d 672, (La.App. 1 Cir.1962), and Telerent Leasing Corp. v. R. & P. Motels, Inc., 343 So.2d 267, 269 (La.App. 1 Cir. 1977).
Great weight is attached to the exercise of a trial court’s discretion, which will not be disturbed on review if reasonable people could differ as to the propriety of the trial court’s action. See In the Interest of I.D.H. v. Thomas, 34,962, p. 2 (La.App. 2 Cir. 5/9/01), 787 So.2d 526, 528. Accordingly, this assignment of error is without, merit.
DECREE
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal, in the amount of $3,250.46, are assessed against the appellant, City of Baton Rouge and Parish of East Baton Rouge Parish, on Behalf of the Baton Rouge Metropolitan Airport.
AFFIRMED.
PETTIGREW, J., concurs and assigns reasons.

. La. C.C.P. art 3608 provides that a court may allow damages for the wrongful issuance of a TRO on a motion to dissolve or on reconventional demand. This matter was pled in a Motion for Damages. This is an improper use of summary procedure. However, over the objection of Caldarera, the trial court heard the matter. This objection was not challenged by appeal or answer to appeal and is therefore not properly before this court. LSA-C.C.P. arts. 2121 and 2133.