924 So.2d 464 (2006)
Walter M. CALDWELL, IV, Plaintiff-Appellee,
v.
Charlie T. GRIGGS, Jr., et al., Defendants-Appellants.
No. 40,838-CA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*466 Carl D. Walker, for Appellants.
Walter M. Caldwell, IV, Gregory G. Elias, Monroe, for Appellee.
Larry David Griggs, pro se.
Before WILLIAMS, PEATROSS & DREW, JJ.
PEATROSS, J.
Plaintiff (and attorney) Walter M. Caldwell, IV, filed a suit for right of passage against land owned by Defendants, Charlie T. Griggs, Jr., et al (collectively referred to herein as "Griggs"), to prevent the altering of a road on Caldwell's and Griggs' property. Caldwell sought and got a temporary restraining order ("TRO") and preliminary injunction. Griggs appealed and this court, in an unpublished opinion, reversed the granting of the preliminary injunction, without prejudice. See Caldwell v. Griggs, 37,903 (La.App.2d Cir.12/30/03), 861 So.2d 947, unpublished opinion. Griggs then filed a rule to "Assess Damages for Wrongful Issuance of Restraining Order and/or for Civil Procedure Art. 863 Sanctions." Caldwell filed a motion for summary judgment to dismiss Griggs' claim to which Griggs responded with the filing of an opposition, with affidavits and a deposition in support thereof. The trial court granted Caldwell's motion for summary judgment and dismissed Griggs' claim for damages, sanctions and attorney fees. Griggs appeals. For the reasons stated herein, we affirm.

FACTS
The underlying facts of this case were stated thoroughly and succinctly in this court's prior opinion in Caldwell v. Griggs, supra, and are reproduced and/or paraphrased from that opinion as follows. Caldwell filed suit on February 14, 2003, against Charlie T. "Petey" Griggs, Jr., and his wife, Buffy Walker Griggs; Larry David Griggs; Ord Alvin Sullivan and his wife, Martha Newman Sullivan; and Alfred M. Craft. Caldwell owned an undivided interest in a tract of land in Ouachita Parish that he alleged was enclosed and had no access to a public road. In his petition, he sought a right of passage over the neighboring properties and claimed that the shortest route to the public road which was least injurious to the intervening land was across the property owned by the defendants. He further contended that certain of the properties were already subject to recorded servitudes of passage and that these existing routes were the least injurious to the parties.
In his petition, Caldwell asserted that at least one of the defendants had a history of obstructing efforts to use access roads. See Corley v. Craft, 501 So.2d 1049 (La. App. 2d Cir.1987), writ denied, 503 So.2d 18 (La.1987), in which defendant Craft dug out an access road and then blocked a newly constructed road three days later to frustrate an oil company's exercise of its mineral servitude. Caldwell requested a TRO to enjoin the defendants from altering, destroying, or inhibiting the use of the existing road to his property during litigation, to be followed by a preliminary injunction and then a permanent injunction. (The road supposedly runs along an elevated ridge and provides the only all-weather access to the property due to the surrounding area's tendency to flood.) Caldwell alleged that another owner (later identified as C.T. Griggs) had indicated a desire to place a structure atop the ridge where the existing road is located, thereby preventing the plaintiff's access to his property. The TRO preventing the defendants *467 from altering or destroying the existing road to Caldwell's property was granted on February 15, 2003. The show cause hearing on the preliminary injunction was set for March 19, 2003.
Larry David Griggs filed an answer in proper person. The other defendants ("the appellants") filed a rule to show cause to dissolve the TRO. They alleged that the TRO was issued without a showing of irreparable harm or the posting of bond. They requested damages and attorney fees, which now forms the basis of the instant appeal. The trial court set the show cause rule for March 19, 2003.
On March 18, 2003, Caldwell filed an opposition to the defendants' rule to show cause to dissolve the TRO. He maintained that his petition adequately stated a factual basis for irreparable harm. Additionally, he asserted that the trial court had the discretion to either not set a bond or to set it at a later time.
On March 19, 2003, the trial court granted the preliminary injunction with the condition that the plaintiff put up bond in the amount of $100,000.[1] On March 28, 2003, the trial court signed a judgment denying the motion to dissolve the TRO and issuing a preliminary injunction preventing the defendants from altering or destroying the existing road to the plaintiff's property during the pendency of these proceedings on condition that the plaintiff post a $100,000 bond.
On March 31, 2003, the court signed a judgment accepting a property bond by the plaintiff and Barbara T. Caldwell as bond for damages.
On April 1, 2003, the appellants filed notice of intention to seek writs. They requested expedited consideration on the basis that the injunction interfered with Craft's operation of his business. However, they failed to explain why Craft needed to alter or destroy the road to "use" his business property. On April 17, 2003, this court converted the appellants' writ application to an appeal. Ultimately, this court reversed the grant of the preliminary injunction, without prejudice.
Subsequently, Griggs filed the instant rule to assess damages, for attorney fees and sanctions for wrongful issuance. Caldwell then filed a motion for summary judgment, which was granted, and this appeal ensued.

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is designed to secure the "just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969." La. C.C.P. art. 966(A)(2); Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. In 1997, the legislature enacted La. C.C.P. art. 966(C)(2) which clarified the burden of proof in summary judgment proceedings. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion *468 should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, supra.
The review of a grant or denial of a motion for summary judgment is de novo, under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Jones v. Estate of Santiago, supra; Robertson v. West Carroll Ambulance Service District, 39,331 (La.App.2d Cir.1/26/05), 892 So.2d 772, writ denied, 05-0460 (La.4/22/05), 899 So.2d 577.
La. C.C.P. art 3608 provides for damages upon the wrongful issuance of a TRO or preliminary injunction and reads as follows:
Art. 3608. Damages for wrongful issuance of temporary restraining order or preliminary injunction:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
The supreme court interpreted this article in Arco Oil & Gas Company, a Division of Atlantic Richfield Company v. DeShazer, 98-1487 (La.1/20/99), 728 So.2d 841, explaining:
Focusing on the plain language of Article 3608, it is clear from the legislature's use of the word "may" that the provision which authorizes assessment of damages for the wrongful issuance of injunctive relief is not mandatory in its application. Rather, a trial judge may use his discretion when determining whether to award damages. Therefore, the ruling of a trial judge on the issue of damages under Article 3608 should not be disturbed on appeal absent a clear abuse of discretion.
Moreover, Article 3608 does not speak of wrongfully "seeking" or "obtaining" a temporary restraining order or preliminary injunction, which terms would focus attention on the party who sought and obtained the injunctive relief. Instead, Article 3608 focuses on the actions of the court by providing that damages may be awarded for the wrongful "issuance" of a temporary restraining order or preliminary injunction. Therefore, we conclude that the word "wrongful" in Article 3608 simply means incorrect, or the result of a mistake, and does not imply malice or bad faith on the part of the plaintiff. Board of Commissioners of the Orleans Levee District v. Harry F. Connick, 95-1456 (La.App. 4th Cir.3/14/96), 671 So.2d 1004.
In the later case of J. Caldarera and Company, Inc. v. City of Baton Rouge, 03-0759 (La.App. 1st Cir.2/23/04), 873 So.2d 728, the first circuit interpreted and applied the holding of Arco concluding that damages are not owing as a matter of law when a TRO or preliminary injunction has been erroneously issued. To so find would "strip the trial court to the very discretion article 3608 confers upon the trial court." J. Caldarera and Company, Inc. v. City of Baton Rouge, supra. The use of the permissive word "may" dictates that the award of damages, including attorney fees, is not mandatory and is left to the discretion of the trial court. Id. Further, great weight is attached to the trial court's exercising of its discretion, "which will not be *469 disturbed on review if reasonable people could differ as to the propriety of the trial court's action." Id. See also HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693 (La.App. 4th Cir.4/23/97), 693 So.2d 835, writ denied, 97-1353 (La.9/5/97), 700 So.2d 513.
The Arco court further concluded that damages for mental anguish may be awarded for the wrongful issuance of a temporary restraining order or preliminary injunction. The supreme court then set forth the standard for awarding mental anguish damages under article 3608, holding that "damages for mental anguish are recoverable under Article 3608 only in the presence of special circumstances involving outrageous or egregious conduct." Arco, supra. (Emphasis added.)
In the case sub judice, this court reversed the trial court's issuance of the preliminary injunction; therefore, the preliminary injunction was issued in error and, thus, qualifies as "wrongfully issued" for purposes of article 3608. This is so, regardless of whether the party seeking the injunction was acting in bad faith. The trial court, however, exercised its great discretion in determining that this is not an appropriate case for an article 3608 damage award, including attorney fees. The trial court's discretion to award damages for wrongful issuance, when there is no proof of concrete, ascertainable damages should not be disturbed absent extraordinary circumstances. Arco, supra. Only in cases of clear abuse of its discretion will we interfere with the trial court's decision. Cook v. Ed Francis Chevrolet, Inc., 365 So.2d 1178 (La.App. 3rd Cir. 1978). Our complete review of this record reveals no clear abuse of the trial court's discretion in denying Griggs' claim for damages and attorney fees. As previously stated, there is no entitlement to damages as a matter of law upon wrongful issuance of a preliminary injunction. The trial court properly granted Caldwell's motion for summary judgment.[2]
Likewise, we find no abuse of discretion in the trial court's dismissal of Griggs' claims for sanctions under La. C.C. P. art. 863, which reads as follows:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after *470 the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
Initially, we note that statutes which authorize the imposition of penalties or sanctions are to be strictly construed. Colquitt v. Claiborne Parish, Louisiana, 36,260 (La.App.2d Cir.8/14/02), 823 So.2d 1103. Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Green v. Wal-Mart Store No. 1163, 96-1124 (La.App. 4th Cir.10/17/96), 684 So.2d 966. The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Any lesser standard would serve to seriously impair the rights of the party as a litigant. Id., citing Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir.1991).
Again, after a complete review of the record before us, we find no sanctionable conduct on the part of Caldwell. Griggs argues that, had Caldwell, an attorney, had knowledge of a certain case, he would have known that he had no existing property right upon which to base a request for a TRO and preliminary injunction. We note that the record contains ample indication that there was the possibility of certain owners impeding Caldwell's use of the existing road which provided him access to his property. In addition, we note that there is no breach of article 863 if a party in good faith decides to challenge an existing law. This case does not rise to the level of the type of "exceptional circumstances" contemplated by article 863. We, therefore, find no abuse of the trial court's discretion in dismissing Griggs' claim for sanctions under this article.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting Walter M. Caldwell, IV's motion for summary judgment and dismissing Charlie T. Griggs, Jr.'s, et al, Rule to Show Cause to Assess Damages for Wrongful Issuance of Restraining Order and/or for Civil Procedure Article 863 Sanctions is affirmed. Costs are assessed to Charles T. Griggs, Jr., et al.
AFFIRMED.
NOTES
[1] Before ruling from the bench, Judge Dimos conducted a brief pre-trial conference. Upon returning to the courtroom, the judge stated on the record:

After having heard both sides, eventually we're going to have a hearing on this whole thing, because people are not going to be blocked in. They have a right to have an exit in and out of their property.
[2] We note that Caldwell argues that Griggs produced no evidence of damages, including attorney fees, to sustain an award of such. In cases such as this, the trial court has the discretion to determine the amount of damages and estimate the value of legal services. See Ashley v. Welcker, 522 So.2d 172 (La.App. 4th Cir.1988). Further, "[e]ven where a party fails to introduce evidence of the amount of the attorney fees incurred, the Court, within its discretion, can estimate the value of legal services." HCNO Services, Inc. v. Secure Computing Systems, Inc., supra.