986 So.2d 812 (2008)
In re The Brynn Dewey GODFREY TRUST.
No. 43,264-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*813 Rountree Law Offices, by James A. Rountree, Monroe, for Defendant/Appellant, Rellis Phil Godfrey.
McMichael, Medlin, D'Anna, Wedgeworth & LaFargue, L.L.C., by W. Deryl Medlin, Shreveport, for Plaintiff/Appellee, Elizabeth P. Godfrey.
Before BROWN, DREW, and MOORE, JJ.
BROWN, Chief Judge.
This suit arises out of a petition to modify or terminate the Brynn Dewey Godfrey Irrevocable Trust, established by Elizabeth Godfrey in 1997 for the income benefit of her son, Brynn Godfrey, and naming his children as the principal beneficiaries. Mrs. Godfrey named her other son, Rellis Godfrey, who is an attorney, as trustee.

Facts and Procedural History
On June 27, 2006, plaintiffs, Elizabeth Godfrey, the income beneficiary, Brynn Godfrey, and Brynn's children, the principal beneficiaries, filed a petition to terminate the Trust on the grounds that the purposes of the Trust were no longer relevant. Plaintiffs also filed a supplemental petition asking the court, as an alternative to termination, to modify the Trust to replace Rellis Godfrey with a professional trustee. According to plaintiffs, the immovable property belonging to the trust had been liquidated into $1,200,000 and Rellis Godfrey was not qualified to properly invest large sums of money.
Defendant, Rellis Godfrey, filed an exception of no right of action, claiming that his brother, the income beneficiary, and Brynn's children, the principal beneficiaries, had no right to bring the claim under La. R.S. 9:2026. The trial court sustained the no cause of action exception, which left Mrs. Godfrey as the sole petitioner.
At her deposition in December of 2006, it was evident that Mrs. Godfrey lacked the mental capacity to pursue the case. No action, however, was taken to interdict her or otherwise prosecute the case. On March 19, 2007, Rellis filed a motion for summary judgment in which he also sought the imposition of sanctions against his brother, Brynn Godfrey, and Mrs. Godfrey's counsel, W. Deryl Medlin, for violations of La. C.C.P. art. 863. The trial court granted the motion for summary judgment in favor of Rellis Godfrey, but denied sanctions, noting that the attorney fees incurred by defendant were chargeable to the trust. Rellis has timely appealed the denial of his motion for sanctions.
Because a previous lawsuit was filed to remove Rellis Godfrey as trustee, an understanding of that action is necessary to *814 resolve the sanction issue presented in this appeal.
In October 1999, Mrs. Godfrey and Brynn initiated a legal proceeding against Rellis Godfrey and the Trust, requesting that Rellis be removed as trustee "due to the acrimonious relationship between defendants... and the plaintiffs ..." and "misinformation, deceit and fraud" in preparing the Trust. Alternatively, plaintiffs sought to terminate the Trust. The trial court ruled against plaintiffs, and this court affirmed in part and reversed in part in the unpublished decision Godfrey v. Godfrey, 37,700 (La.App. 2d Cir.10/03/03), 855 So.2d 438. This court reversed the denial of the defamation claim and awarded Rellis damages in the amount of $2,500. The facts as stated in the unpublished opinion are as follows:
Elizabeth Godfrey ("Elizabeth") was married to Raymond Godfrey ("Raymond"), who died in 1979. Elizabeth and Raymond had two sons, Brynn Godfrey ("Brynn") and Rellis Godfrey ("Rellis"). During Elizabeth's and Raymond's marriage, they acquired 103 acres of land in Caddo Parish, Louisiana. Subsequently, Elizabeth and Raymond retained ten acres of the property for themselves and transferred ninety-three acres ("the property") to Brynn and Rellis, as co-owners.
In 1996, Brynn was going through a divorce. Out of concern that the property might be vulnerable to some sort of claim as a result of Brynn's divorce, a series of legal transactions affecting the property were confected. First, in December 1996, Brynn's ownership interest in the property was donated to Elizabeth ("the donation"). On April 11, 1997, the Brynn Dewey Godfrey Trust (the "Trust") was created, wherein Elizabeth, as settlor, named Rellis trustee and Sally Godfrey ("Sally"), Rellis's wife, successor trustee. Brynn was named the income beneficiary, and his children were designated as the principal beneficiaries to the Trust. Brynn's interest in the property, which had been donated to Elizabeth, was transferred into the Trust.
In the years following these transactions, animosity grew between Rellis and Brynn, resulting in verbal confrontations between the two  some involving Sally. The relationship deteriorated to the point that in 1998, Rellis sought injunctive relief to prevent Brynn from discharging a gun in the vicinity of Sally and their children. Deposition testimony of Elizabeth indicated that she was "outraged" over the filing of Rellis's lawsuit against Brynn, and communications between Elizabeth and Rellis essentially ceased.
Subsequently, in October 1999, Elizabeth and Brynn joined to file a lawsuit against Rellis, Sally and the Trust to terminate same and have Rellis and Sally removed as trustee and successor trustee, respectively. Elizabeth alleged, among other things, that Rellis had acted in a "pattern of misinformation, deceit, and blatant fraud."
Initially, the appellants responded by filing various exceptions, including an exception of no right of action and an exception of prescription, which were ultimately sustained by the trial court by its Judgment dated April 5, 2000. That initial judgment dismissed the following claims: (1) Elizabeth's claim to revoke the donation of the property from Brynn to her; (2) Elizabeth's and Brynn's claims to terminate the trust; (3) Elizabeth's and Brynn's demands based upon "misinformation, deceit and fraud" in preparing the trust and related documents. This Judgment was not appealed by Elizabeth and Brynn. After the *815 rendition of that Judgment, Rellis filed his answer as to the remaining claims and filed his reconventional demand against Elizabeth. As a result, the following issues were tried: (1) Brynn's claim to remove Rellis and Sally as trustee and successor trustee, respectively, of the trust, and; (2) Rellis's reconventional demand against Elizabeth for defamation.
After a trial on those issues, the trial court issued its Written Findings of Fact and Reasons for Judgment, wherein it determined that: "1) the evidence is insufficient to warrant the removal of Rellis ... as trustee for the [Trust]; 2) the evidence is insufficient to support an award of damages for defamation."

Discussion
Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. Jones v. Bethard, 39,575 (La.App. 2d Cir.04/13/05), 900 So.2d 1081, writ denied, 05-1519 (La.12/16/05), 917 So.2d 1115. This court has noted that the threat of sanctions pursuant to La. C.C.P. art. 863 "tends to chill the nature of the proceedings by limiting the adversarial nature of such," and thus should not be imposed if a party or attorney merely made an "unpersuasive and inartful" argument. McKoin v. Harper, 37,984 (La.App. 2d Cir.12/10/03), 862 So.2d 410, 414.
In Caldwell v. Griggs, 40,838 (La.App. 2d Cir.03/08/06), 924 So.2d 464, this court discussed at length the appropriate standards for the application of sanctions:
Initially, we note that statutes which authorize the imposition of penalties or sanctions are to be strictly construed. Colquitt v. Claiborne Parish, Louisiana, 36,260 (La.App. 2d Cir.08/14/02), 823 So.2d 1103. Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Green v. Wal-Mart Store No. 1163, 96-1124 (La.App. 4th Cir.10/17/96), 684 So.2d 966. The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Any lesser standard would serve to seriously impair the rights of the party as a litigant. Id., citing Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir. 1991). (Emphasis added).
Id. at 470.
La. C.C.P. art. 863 reads in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
and,
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made *816 in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Rellis Godfrey argues that the petition for redress to alter the Trust was, on its face, hopeless and only meant to harass because an irrevocable trust is immutable. This argument is factually flawed. Louisiana law allows a court to order the modification of a trust, in whole or in part, if to continue the trust unchanged would defeat or substantially impair the purposes of the trust. La. R.S. 9:2026; Grant v. Grant, 31,599 (La.App. 2d Cir.04/01/99), 734 So.2d 68. Plaintiffs' request for replacing the trustee with a professional trustee was based on the liquidation of the immovable property, resulting in a change in the corpus of the trust from land to a rather large sum of money. This argument is not specious, as the ability to manage immovable property does not necessarily include the skills needed to prudently manage a large sum of money for the benefit of a trust. The situation wherein a trustee is no longer fit to steward a trust due to a radical change in the assets of the trust is easily conceivable. That the trial court ultimately ruled against plaintiffs is irrelevant. As stated above, the slightest justification for the exercise of a legal right precludes sanctions. Caldwell, supra. Notably, the concurring opinion in the unpublished case stated a concern with an apparent conflict of interest in that:
Rellis Godfrey is an undivided owner of the property and controls the other undivided portion as trustee. The obvious animosity between Rellis and the income beneficiary [Brynn] of the trust, raises questions.
Accordingly, we do not find that the trial court abused its vast discretion in denying the motion for sanctions.
Rellis also argues that Mrs. Godfrey's testimony at deposition, specifically her inability to recognize or understand the current suit, makes it apparent that Brynn and attorney Medlin must have falsely brought this suit in Mrs. Godfrey's name in violation of La. C.C.P. art. 863(B). We find this argument to be unsupported by the facts. There is no evidence on the record as to when Mrs. Godfrey's mental health first began to deteriorate, and likewise, no evidence that Mrs. Godfrey was not in her right mind when the petition in question was filed on June 27, 2006. In addition, we note that Mrs. Godfrey had previously sued to have Rellis Godfrey removed as trustee due to the "acrimonious relationship" she shared with him. Indeed, she accused Rellis of engaging in "misinformation, deceit and fraud" in preparing the Trust. Her mental health at the time of the first suit is not in question. We cannot, therefore, take it on faith that Brynn Godfrey manipulated his mother in order to harass his brother. In light of the above, we cannot say that the trial court's judgment denying sanctions is manifestly erroneous or clearly wrong. Caldwell, supra.

Conclusion
For the foregoing reasons, the judgment of the trial court denying Rellis Godfrey's motion for sanctions against Brynn Godfrey and W. Deryl Medlin is affirmed. Costs are assessed to defendant, Rellis Godfrey.