660 So.2d 494 (1995)
Kenneth McKINNEY, Plaintiff-Appellant,
v.
Winfield E. LITTLE, Jr., Defendant-Appellee.
No. 95-177.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Rehearing Denied October 10, 1995.
Frank Humphrey Walk Jr., New Orleans, for Kenneth McKinney.
Winfield E. Little, Jr., pro se.
Before KNOLL and SULLIVAN, JJ., and BROUILLETTE[*], J. Pro Tem.
BROUILLETTE, Judge Pro Tem.
Kenneth McKinney filed a claim with the Office of Workers' Compensation alleging that the fee charged by Winfield E. Little, Jr., for services rendered in connection with a workers' compensation claim, was excessive. *495 The administrative hearing officer found that the fee received by Little exceeded the statutory limits of La.R.S. 23:1141 B and ordered the return of that portion of the fee which exceeded that limit.
McKinney appeals the judgment alleging that the hearing officer should have returned all of the funds because no application for approval of fees was ever filed with or approved by a hearing officer as mandated by La.R.S. 23:1143 B(2). He also claims that the hearing officer erred in not awarding attorney fees or other expenses as sanctions under the provisions of La.Code Civ.P. art. 863.

APPROVAL OF ATTORNEY'S FEES
On June 16, 1989, McKinney employed William McLeod, Little's former law partner, to represent him in a claim arising out of an accident near Bryan, Texas on June 2, 1989, in which he suffered personal injuries. The employment agreement specifically excluded McKinney's claim for workers' compensation benefits against his employer Matlack, Inc. Following the election of William McLeod as District Judge, Little took over the representation of McKinney apparently with McKinney's approval.
At some point later, presumably without an employment agreement, Little began representing McKinney in the workers' compensation claim. McKinney testified that it was "right before the settlement" which was on July 28, 1992 and Little testified that it was in December 1990. Although there is no documentation as to when the representation began, Little did appear as counsel in the joint petition to compromise the claim on July 28, 1992.
The joint petition to compromise and the hearing officer's approval of compromise, both dated July 28, 1992, clearly establish that the workers' compensation claim was settled for the sum of $55,000. The hearing officer's approval of the compromise provides that "the claimant's attorney be paid out of the lump sum settlement amount as provided in LSA-R.S. 23:1141(B)."
The third party tort claim against Atochem, which was pending in the United States District Court, was compromised at the same time. A disbursement sheet dated July 29, 1992 in that case, signed by both McKinney and Little, provides in part as follows:

 DISBURSEMENT SHEET
Settlement funds received:
Atochem $37,500.00
Matlack 55,000.00
Jeansonne & Briney 1,000.00*
 __________
Less:
Expenses as set forth
On Exhibit "A" 8,212.94
 __________
 $85,287.06
1/3 Attorney's Fees 28,420.02
 __________
 $56,858.04
Less:
Hospitalization at
Lake Charles Memorial 5,049.90
 __________
Net to Client $51,808.14

The disbursement sheet shows the reason for McKinney's claim that Little charged an excessive fee on the workers' compensation recovery of $55,000. It indicates that Little retained one-third of the $55,000 along with one-third of the recovery on the third party tort action. It is on that basis that the hearing officer reduced the fee from one-third of $55,000 to the maximum authorized by La.R.S. 23:1143 B. Little claims that he is not bound by that limitation because he represented McKinney in securing a waiver of the reimbursement by Matlack, Inc. on approximately $67,200 which had been previously paid in workers' compensation benefits and medical expenses.
The hearing officer was clearly correct in holding that the $55,000 paid in a workers' compensation compromise was subject to the statutory limitations, particularly since the hearing officer specifically ordered that the fee of the attorney was subject to the provisions of La.R.S. 23:1143 B. The more difficult issue is McKinney's assertion that Little is entitled to no fee at all on the *496 $55,000 settlement by reason of his failure to file an application for approval of the fee as required by La.R.S. 23:1143 B. It is undisputed that Little did not apply for approval of any fee.
The pertinent provisions of the workers' compensation law are the following:
§ 1141. Attorney's fees; privilege on compensation awards
A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a hearing officer. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the hearing officer.
B. In no case shall the fees of an attorney who renders service for an employee coming under this Chapter exceed twenty percent of the first ten thousand dollars of any award and ten percent of the part of any award in excess of ten thousand dollars.
§ 1143. Excessive fees or solicitation of employment; penalty; withholding attorney fees; approval by hearing officer
* * * * * *
B. (1) An attorney may withhold, as proposed attorney fees, the sum of twenty percent of the first ten thousand dollars recovered and ten percent of all amounts recovered thereafter in his trust account which funds shall remain the property of the claimant, pending approval of such fees by the hearing officer.
(2) An application for approval of fees shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment, whichever occurs later. Otherwise the funds shall be returned to the claimant.
The reasons for the judgment of the hearing officer do not address the issue of Little's failure to apply for approval of fees. Since that part of McKinney's claim is denied, presumably the hearing officer felt that an application for approval was unnecessary or that the provision in the approval of compromise ordering "that the claimant's attorney be paid out of the lump sum settlement amount as provided in LSA-R.S. 23:1141(B)" met that requirement. Clearly, that order by the hearing officer is not an "application for approval" by the attorney.
Does a hearing officer have the authority to waive the requirement that an attorney file an application for approval of fees? And if he does, did the hearing officer in this case intend to waive that requirement? And if he does have that authority and he did intend to waive the requirement, did the wording recited above in the approval of compromise constitute such a waiver? It is significant to note that La.R.S. 23:1141 B does not set the fee of counsel in a workers' compensation claim. It stipulates that the fee may not exceed 20% of the first $10,000 and 10% of any amount in excess of $10,000.[1] This provision should be read along with La.R.S. 23:1141 A which provides that claims for legal services "shall not be enforceable unless reviewed and approved by a hearing officer." Following that provision is the requirement in La.R.S. 23:1143 B(2) that "[a]n application for approval of fees shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment, whichever occurs later."
Reading those provisions together, it is clear that they anticipate a hearing officer being supplied with an application filed by an attorney for approval of a fee and containing information as to the services rendered. Further, that based upon that information, it is the duty of the hearing officer to approve a fee which may be less than but which may not exceed the statutory limit. Clearly, the purpose of the law is to protect the employee from excessive legal charges.
*497 La.R.S. 23:1143 B requires that an application "shall be filed" and there is nothing to suggest that this requirement may be waived by the hearing officer. A reasonable interpretation of this provision is that a hearing officer must have an application in order to have sufficient information to approve the attorney's fees. It is the duty of the hearing officer to receive and review applications for fees based upon information in the application. It would not be logical to hold that such an officer has the authority to waive the requirement because in doing so he is also relieving himself of the duty to review the application.
It is noted that the hearing officer who approved the compromise in this case, Mark Zimmerman, is not the hearing officer who decided this case. There is nothing in the record to show that Zimmerman intended to waive Little's duty to file an application for approval, as required by law, even if he had such authority.
In further reference to Little's assertion that he would have had the right to collect a fee on both the $67,200 of prior workers' compensation (reimbursement to which was waived), plus a fee on the $55,000 paid at the time of compromise, it is noted that he did not apply for approval of a fee on either amount. If he felt that it was his effort that preserved the $67,200 of prior benefits from being reimbursed, he could have applied to the hearing officer for the fee to be assessed on the total benefits, $122,200. Then the application could have been reviewed by the hearing officer as contemplated by the requirement of application and review. But even if such an application had been made and approved, the maximum fee which would have been approved would be $13,220, not $18,333 which was the amount retained. Obviously, the fee in this case was not "reviewed and approved by a hearing officer" because there was no application to review.
What is the penalty if an attorney fails to file such an application within the specified time? La.R.S. 23:1143 B(2) provides that "[o]therwise, the funds shall be returned to the claimant." This appears to be punitive in nature and perhaps it is. Apparently the legislature felt that the requirement to apply for approval of fees was important enough to specify a penalty for failure to comply.
The record does not indicate an intentional violation of the discussed provisions. It was apparently Little's opinion, although an erroneous one, that he was not bound by the requirements of the Workers' Compensation Law either as to the limitation on the fee or as to requirement of application for approval of the fee. We find that neither of the hearing officers nor this court has the authority to refuse to enforce the legislature's mandate of La.R.S. 23:1143 B(2). Accordingly, the entire fee on the $55,000 compromise settlement must be returned to plaintiff.

SANCTIONS
Although not mentioned in her reasons for judgment, apparently the administrative hearing officer found no merit in McKinney's claim for sanctions under La. Code Civ.P. art. 863. It is Little's position that in view of the combined settlement of the third party tort claim and the workers' compensation claim, that no fee was charged on the workers' compensation claim. His allegation to this affect is what is claimed to support a claim for sanctions. Although we have concluded that he was in error in that assertion, his failure to prevail does not necessarily trigger a sanction award. The clear listing of "Matlack $55,000" in the disbursement sheet, which he signed, shows clearly that he was not attempting to conceal the source of the funds. The slightest justification for the exercise of a legal right precludes sanctions. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992); Fairchild v. Fairchild, 580 So.2d 513 (La. App. 4 Cir.1991); Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506 (La.App. 4 Cir.1991).

CONCLUSION
For the foregoing reasons, the judgment of the administrative hearing officer is amended to order the return to the plaintiff of the entire fee retained out of the $55,000 worker's compensation settlement, i.e. $18,333.33 plus legal interest from date of judicial demand until paid. Otherwise, the judgment of *498 the administrative hearing officer is affirmed at appellee's cost.
AMENDED AND AFFIRMED.
KNOLL, J., dissents in part and assigns written reasons.
KNOLL, Judge, dissenting in part.
I agree with all aspects of the majority opinion, except in its affirmation of the hearing officer's decision not to sanction Winfield E. Little, Jr.
I would reverse the hearing officer's denial of Article 863 sanctions. I preface my view on this issue by stating that charging excessive fees and not seeking approval of attorney's fees in worker's compensation cases, which are regulated by statute, should not be taken lightly. It is punitive conduct and illegal. I find Little's conduct blatant and wilful, by his own admissions, and it has certainly hurt the legal profession. The claimant, his former client, has had to go to great pains to collect the money owed him. I feel this conduct is deserving of sanctions. The message should go out loud and clear that the courts will not tolerate this illegal conduct of lawyers.
The first question presented is whether the pre-trial statement, the document the attorney filed in the OWC, may form the basis for an Article 863 sanction. In Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4 Cir.1991), Chief Judge Lobrano stated:
Article 863 is derived from Rule 11 of the Federal Rules. Because there is limited jurisprudence interpreting and applying Article 863, the Federal decisions applying Rule 11 provide guidance to this court. Both Rule 11 and Article 863 apply to the signing of pleadings, motions and other papers imposing upon attorneys and litigants affirmative duties as of the date a document is signed.
Id. at 516 (Footnotes and citations omitted).
As I view the record, it is clear that the attorney's pre-trial statement is his first written response in the OWC to the claimant's complaint that he was charged excessive and unapproved attorney's fees. In this regard, I find this document closely resembles an answer to the complaint. Because of the essence of the pre-trial statement in the present case, I find our pronouncement that a brief is not a sanctionable pleading is distinguishable. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992) and Williamson v. CIGNA/Ins. Co., 576 So.2d 1185 (La.App. 3 Cir.). Accordingly, I find that the attorney's pre-trial statement constitutes a pleading under the language of Article 863.
The next question presented, then, is whether the content of the attorney's pre-trial statement is sanctionable. Again, in Fairchild, supra, the Fourth Circuit stated:
The district court must determine if the individual, who has certified the document purported to be violative, has complied with those affirmative duties. The standard of review by the appellate court has been referred to as the "abuse of discretion" standard. We conclude that the appropriate standard is the "manifestly erroneous" or "clearly wrong" criteria used by the appellate court in reviewing a trial court's factual findings.
The obligations imposed upon litigants and their counsel who sign a pleading is to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry.
Among the factors to be considered in determining whether reasonable factual inquiry has been made are:
1) The time available to the signer for investigation;
2) The extent of the attorney's reliance on his client for the factual support for the document;
3) The feasibility of a prefiling investigation;
4) Whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
5) The complexity of the factual and legal issues; and
6) The extent to which development of the factual circumstances underlying the claim requires discovery.

*499 The factor for determining whether reasonable legal inquiry was made include:
1) The time available to the attorney to prepare the document;
2) The plausibility of the legal view contained in the document;
3) The pro se status of the litigant; and
4) The complexity of the legal and factual issues raised.
Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Furthermore, noting in the language of Rule 11 or Article 863 empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief is subsequently found to be unjustified. Failure to prevail does not trigger a sanction award.
Id. at 517-518 (Citations omitted).
In the case sub judice, the attorney claimed in his pre-trial statement that "no worker's compensation [attorney's fees] were charged on the $55,000.00 paid by Matlack, Inc." Nevertheless, contrary to the attorney's assertion, the Disbursement Sheet prepared by the attorney at the settlement of the tort and worker's compensation litigation and attached to the OWC pre-trial statement, clearly shows that the $55,000.00 figure formed part of the corpus which he used as the basis for the calculation of his 33 1/3 percent attorney's fee. Accordingly, after applying the analysis elaborated upon in Fairchild, supra, I find that the attorney's pre-trial statement was not well grounded in fact, that the claimant's attorney, as shown in his own exhibit, knew that fact, and that the attorney's statement was placed to wilfully mislead the hearing officer. Therefore, I find that the hearing officer manifestly erred in his determination not to sanction the claimant's attorney and further find that we have a sufficient basis on the appellate level to assess an appropriate sanction in the present case.
NOTES
[*] Honorable Harold J. Brouillette participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] "The limitation on the fees of an attorney is just thata maximum amount payable. It is not a minimum which must necessarily be awarded, and the attorney does not have a right to that amount. The fee is at the discretion of the hearing officer, who of course must recognize the right of an attorney to a reasonable fee for work done." Workers' Compensation Law and Practice, Malone & Johnson, Third Edition, § 386 p. 379.

* Funds to be received at later date from Jeansonne for reimbursement of Court Costs.