DISCIPLINARY PROCEEDINGS
hPER CURIAM*
The instant disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Jack M. Bailey, Jr., an attorney licensed to practice law in the State of Louisiana. The charges allege that respondent assessed an excessive and improper fee in violation of Rules 1.5, 8.4(a), 8.4(c), 8.4(d) the Rules of Professional Conduct and La. R.S. 23:1141.
A review of the underlying facts indicates that respondent was retained by Ray Page in connection with a workers’ compensation matter, which involving a reduction or termination of Page’s benefits by his employer due to Page’s receipt of social security benefits. Page paid respondent a $1,500.00 advance fee. In addition, the parties signed a fee contract.[1]
On January 3, 1996, the eve of trial, the case was settled on the merits for $16,700.00. Respondent calculated his entire fee to be $4,705.50.[2] However, respondent did not receive approval of his fee from the Office of Workers’ Compensation (“OWC”) hearing officer as mandated by La. R.S. 23:1141(A) and La. R.S. 23:1143.
Subsequently, Page filed a complaint with the ODC, alleging respondent’s fee should not have included a percentage of his weekly benefits since he was receiving the benefits *236 prior to Respondent’s legal representation and would continue to receive such in the absence of his representation. After the ODC forwarded a copy of the complaint to respondent, he filed a petition for approval of his fee. Five months later, the OWC hearing officer entered a consent judgment ordering the deduction of the weekly benefits from the entirety of the fee and, thus, approving a fee in the amount of $2,670. However, respondent subsequently refunded his entire fee to Page.
Thereafter, the ODC filed formal charges against respondent, alleging respondent erred in charging and collecting the advance fee, as well as the remainder of his fee, prior to obtaining approval from the OWC. The ODC further asserted the fee was excessive.
Respondent filed an answer denying the allegations. He asserted he rightfully included weekly compensation benefits in his fee calculation because it was a contested issue in the litigation and was provided for in the employment contract. Respondent admitted that, through his own inadvertence and oversight, he failed to notice that the settlement papers, which were prepared by counsel for Page’s employer, did not have the customary fee approval language incorporated. However, he asserted his conduct was unintentional and, thus, sanctions were inappropriate.
On March 13, 1997, the hearing committee issued its written reasons. The committee concluded respondent’s failure to obtain approval of the fee was merely an oversight that did not adversely affect Page since he was able to reap the benefits of the legal work at no cost. In finding that the fee was reasonable and earned, the committee noted that there was no evidence of any dishonesty on respondent’s part and that he alone suffered for his error. As such, the committee recommended the dismissal of the charges.
The ODC filed a brief with the disciplinary board, objecting to the committee’s recommendation and alleging the committee erred in failing to find the assessed fee unreasonable and excessive. The ODC proposed a three month suspension, deferred, condi-tionedjjjupon one year supervised probation as an appropriate sanction.
On July 30, 1997, the disciplinary board issued its recommendation approving the committee’s recommendation that the charges be dismissed. Four members of the board dissented, finding respondent’s conduct warranted punitive measures.
The ODC filed an objection in this court to the board’s recommendation.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered that all disciplinary charges pending against respondent be dismissed.
LEMMON, J., concurs and assigns reasons.

 Victory, J. not on panel (recused). Rule IV, Part 2, § 3; Traylor, J. recused; Landrieu, J., Court of Appeal, Fourth Circuit, sitting ad hoc.

. The fee contract provided:
The law firm is to receive TWENTY PERCENT (20%) of the first $10,000.00 received by compromise, in weekly benefits paid, suit or judgment, and TEN PERCENT (10%) of all sums in excess of $10,000 paid to client, during their representation by the LAW OFFICES OF JACK M. BAILEY, JR. [emphasis added].

. This computation was based upon a percentage of not only the lump settlement, but also Page's weekly benefits in accordance with the fee contract. After giving credit for the $1,500.00 advance, respondent collected $3,205.50 in fees.