STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-418


JO ANN LOPEZ

VERSUS

ISLE OF CAPRI CASINO


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION -DISTRICT 3
PARISH OF CALCASIEU, NO. 12-02418
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.


**AFFIRMED.**

**Hon. James D. "Buddy" Caldwell**
**Louisiana Attorney General**
**Angelique Duhon Freel**
**Emily G. Andrews**
**Assistant Attorneys General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6000**
**COUNSEL FOR STATE OF LOUISIANA**

**Roger G. Burgess**
**Erin McCall Alley**
**Kilburn S. Landry**
**Baggett, McCall, Burgess, Watson & Gaughan, L.L.C.**
**3006 Country Club Road**
**Lake Charles, LA 70605**
**(337) 478-8888**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jo Ann Lopez**

**Joseph Richard Pousson, Jr.**
**Plauche, Smith & Nieset, L.L.C.**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR APPELLANT:**
    **Scott James Pias**

**GREMILLION, Judge.**

In this workers' compensation matter, attorney Scott J. Pias appeals the order of the workers' compensation judge (WCJ) in which he was ordered to return $86,221.60 he withheld as attorney fees owed by his client, JoAnn Lopez. For the reasons that follow, we affirm.

## FACTS

Lopez was injured on December 6, 2004, while in the course and scope of her employment with St. Charles Gaming Company, Inc., d/b/a The Isle of Capri Casino (SCG) in Lake Charles, Louisiana. On April 9, 2012, Pias filed on Lopez's behalf a Disputed Claim for Compensation because SCG refused to approve a lumbar caudal epidural steroid injection procedure.

On May 15, 2012, Lopez and SCG filed a joint petition for approval of a lump sum settlement. Under the terms of that settlement, the parties asserted that as of May 8, 2012, SCG had paid $106,781.39 in weekly indemnity benefits and $435,055.24 in medical expenses. The settlement provided for SCG to pay Lopez $95,000.00 plus $40,616.00 for Lopez to use to self-fund a Medicare set-aside account. Lastly, the settlement provided for annual payments to Lopez, if she lived, in the amount of $18,915.00 beginning on March 28, 2013, to further fund the Medicare set-aside. This amount was secured by an annuity purchased with a present value of $295,492.00.

The joint petition prayed that the WCJ approve Pias's fee "at the full amount allowed for by *La.R.S. 23:23:1143*." The order signed by the WCJ on May 15, 2012, ordered "that attorney's fees are approved in accordance with and to the full extent of *La.R.S. 23:1143*."

After the settlement was approved, Pias presented Lopez with a settlement statement that showed Pias recovering attorney fees of $86,221.60. This sum represented Pias's calculation of his fee based upon the $135,616.00 Lopez had received plus the present value of the annuity purchased to fund the annual payments.[1]

On July 27, 2012, Lopez filed a Motion for Return of Funds Held as Attorney Fees in which she alleged the foregoing and asserted that Pias had not filed an application for approval of his fees; accordingly, he was not entitled to any fee whatsoever. Pias interposed several exceptions, objecting to Lopez's failure to properly serve him, the workers' compensation court's lack of subject matter jurisdiction to hear matters involving the law relative to Medicare or Medicaid, Lopez's alleged unauthorized use of summary proceedings, and res judicata.

The matter was heard by the WCJ on September 4, 2012. Pias's exceptions were all overruled. Afterward, Lopez moved to supplement the record with additional evidence. Additional evidence was submitted by Lopez and received by the court. The WCJ ruled on December 5, 2012, that Pias had not filed an application for approval of his fee and ordered the entire $86,221.60 returned to Lopez with legal interest.

Pias perfected this appeal and urged, for the first time, that La.R.S. 23:1141 and 23:1143 are unconstitutional. Specifically, he asserts the following assignments of error:

---

[1] The settlement statement incorrectly calculated the fee. $95,000.00 + $40,607.00 + $295,492.00 does not equal $431,108.00 as the settlement statement asserts, but rather equals $431,099.00. Twenty percent of that equals $86,219.00. However, it appears that the settlement statement understated the amount of the seed money that was to be used to fund the Medicare set-aside account, which was actually $40,616.00. This would result in a twenty-percent figure of $86,221.60, which is the amount Pias claims he is owed as a fee.

2

I. The Court committed legal error and violated Article 5, § 5(b) of the Louisiana Constitution, which provides that the Louisiana Supreme Court has exclusive original jurisdiction over disciplinary proceedings against a member of the bar.

II. The Court committed legal error in applying LSA-R.S. 23:1141 and LSA-R.S. 23:1143 in such a way that results in engaging in a disciplinary proceeding against a lawyer and infringing on the plenary power of the Supreme Court by ordering the return of his fee for finding (albeit erroneously), that LSA-R.S. 23:1141 and LSA-R.S. 23:1143 was [sic] violated.

III. The Court erred in ruling that it had subject matter jurisdiction to engage in what amounted to a disciplinary proceeding against an attorney, or otherwise determine whether an attorney is to receive a fee.

IV. The Court committed legal and/or manifest error to the extent it granted an order as prayed for in the petition for approval and then inconsistently ruled that there was no application and ordered counsel to return the entire fee.

V. The Court committed manifest error in finding that no fee application was made by Scott J. Pias pursuant to LSA-R.S. 23:1141 and LSA-R.S. 23:1143.

VI. The Court committed legal error in ruling that the Joint Petition for Approval of Compromise Settlement (TR p. 22) which, in Paragraph 11, requested that attorney's fees "be approved at the full amount allowed for by LSA-R.S. 23:1143" did not satisfy LSA-R.S. 23:1141 and LSA-R.S. 23:1143 as an application for approval of fees.

VII. The Court erred when it found that Pias did not apply for a fee, but (1) refused or failed to rule on whether the Pretrial Memorandum or hearing itself constituted a timely application for fees in keeping with LSA-R.S. 23:1143's provision that the application must be made within 30 days of payment of judgment, whichever is later.

## ANALYSIS

### *Workers' Compensation Attorney Fees*

Louisiana Revised Statute 23:1141 reads:

A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers' compensation judge. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the workers' compensation

judge. No privilege shall exist or be approved by a workers' compensation judge on injury benefits as provided in R.S. 23:1221(4)(s).

B. The fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.

The fee authorized by section 1141 is known as the contractual fee. This fee is not authorized by statute, but is limited by statute. *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La. 11/28/00), 773 So.2d 694. "Moreover, the contractual fee is not assessed against the employer or the employer's insurer, but is contractually payable by the employee to the attorney out of the employee's recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer's or insurer's failure to reasonably controvert the claim that benefits are due to the employee." *Id. at* 698. The contractual fee is limited because an injured worker receives at most two-thirds of his average weekly wage in compensation indemnity benefits. *Id.* The low rate of compensation established by section 1141 is theoretically offset by the statutory attorney fees authorized by La.R.S. 23:1210(F), which "may be viewed as an incentive for lawyers to accept more workers' compensation cases because of the possibility of greater attorney fees in some cases when the employer or insurer has refused to pay benefits." *Id.*

An attorney is allowed to withhold as his "proposed" fee not more than twenty percent "of all amounts recovered" and must file an application for approval of fees within thirty days after the last payment of weekly benefits, settlement of the claim, or payment of the judgment, whichever occurs later.

4

La.R.S. 23:1143(B). The amount of the fee to which the attorney is entitled, though, is to the extent allowed by section 1143 within the discretion of the WCJ, who must consider the attorney's skill, time, and effort. *Miller v. Gaspard*, 95-861 (La.App. 3 Cir. 12/6/95), 664 So.2d 810.

In *McKinney v. Little*, 95-177 (La.App. 3 Cir. 5/31/95), 660 So.2d 494, an attorney represented his injured worker client in both tort and workers' compensation matters. The matters were settled simultaneously, with the attorney withholding one-third of the amount the client received in both actions. The WCJ approved the settlement, and the order she signed provided, "the claimant's attorney be paid out of the lump sum settlement amount as provided in LSA-R.S. 23:1143(B)." *Id*. at 495. No other application for fee was filed.

The client complained that the attorney had withheld an excessive fee and, in fact, was entitled to no fee whatsoever as he had not filed a fee application in accordance with section 1143. The WCJ rejected the client's argument that the attorney should recover no fee, but did reduce the fee to twenty percent of the amount recovered from the client's employer.

The client appealed. We had no difficulty approving the concept that the attorney was not entitled to a one-third fee on all amounts he recovered on his client's behalf. We found the issue of whether the attorney forfeited his fee by failing to file an application for fees, but concluded that he did. Section 1141 does not set the fee of the attorney. Also, a claim for a fee is not enforceable unless reviewed and approved by the WCJ, again under section 1141. Lastly, section 1143 requires the filing of an application for approval of fees within thirty days of the latest of certain events. For those reasons, we found that:

it is clear that they [(sections 1141 and 1143)] anticipate a hearing officer being supplied with an application filed by an attorney for approval of a fee and containing information as to the services rendered. Further, that based upon that information, it is the duty of the hearing officer to approve a fee which may be less than but which may not exceed the statutory limit. Clearly, the purpose of the law is to protect the employee from excessive legal charges.

*Id. at* 496. We further found that the mandatory language in section 1143(B) precludes the WCJ from waiving the application requirement.

In *In Re Bailey*, 97-2114 (La. 12/12/97), 704 So.2d 235, the Office of Disciplinary Counsel pursued formal charges of unethical misconduct against an attorney who had represented a client in a settled workers' compensation matter and who had claimed a fee on his client's weekly indemnity payments, which the employer was paying before his representation had commenced. "Respondent admitted that, through his own inadvertence and oversight, he failed to notice that the settlement papers, which were prepared by Page's [his client] employer, did not have the customary fee approval language incorporated." *Id*. at 236. The customary fee-approval language is, of course, similar to that used in the present case and in *McKinney*. We do not read the supreme court's language as disagreeing with our reasoning in *McKinney*. If the purpose of approving the fee is ensuring that an excessive fee is not taken from the injured employee, it is imperative that the WCJ know at least how much the fee sought totals.

### *Challenging a statute's constitutionality*

"It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized." *Arrington v. Galen–Med, Inc.*, 06-2923, p. 3 (La. 2/2/07), 947 So. 2d 719, 720. The purpose of this requirement is to allow full argument and presentation of

evidence at the trial court level in order to create a full record for appellate review. *Id*. The supreme court has determined that its jurisdiction extends only over those issues that have been properly raised and ruled on at the trial court level. *Church Point Wholesale Beverage Co., Inc. v. Tarver*, 614 So.2d 697 (La.1993).

### *Application to the facts*

Pias argues that under *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859, his action is excepted from the requirement that he raise the issue for the first time on appeal because of our supervisory jurisdiction over lower courts. We disagree. *Arrington* and *Church Point* indicate that our jurisdiction only extends to those matter pleaded and decided at the trial court level. Full briefing and discussion of the issue, which were present in *Vallo*, is not present in this case.

The formal requisites for alleging the unconstitutionality of a statute, set forth in La.Code Civ.P. art. 1880, were not followed. Furthermore, the tribunal of the Workers' Compensation Court is not vested with subject matter jurisdiction to decide the constitutionality of the statutes. *Albe v. La. Workers' Compensation Corp.*, 97-581 (La. 10/21/97), 700 So.2d 824. We decline any consideration of the constitutionality of La.R.S. 23:1141 and 1143.

The *McKinney* case makes it clear that an application for approval of fees is a requisite for the attorney recovering his fees. We find that the statutes require such an application that sets forth the scope of the employee's attorney's work and the amount of the fee the attorney is to receive. This protects the employee from being charged an excessive fee. It is clear that Pias did not file an application, and that the language he included in the order presented to the WCJ was insufficient to advise the WCJ of the amount of fees he was to receive.

7

Accordingly, we affirm the WCJ. All costs of this appeal are taxed to appellant, Scott J. Pias.

**AFFIRMED.**