# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1052

**MARVIN TELLIS**

**VERSUS**

**ASH TIMBER COMPANY**

**\*\*\*\*\*\*\*\*\***

### APPEAL FROM THE
### OFFICE OF WORKERS' COMPENSATION
### DISTRICT 03, DOCKET NO. 13-8387
### HONORABLE SAM LOWERY, PRESIDING
**\*\*\*\*\*\*\*\*\***

### SYLVIA R. COOKS
### JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Mitchel M. Evans, II
416 North Pine Street
DeRidder, LA  70634
(337) 462-5225
**ATTORNEY FOR APPELLANT**
   Mitchel M. Evans

Tina L. Wilson
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, LA  70601
(337) 436-6611
**ATTORNEY FOR APPELLEE**
   Marvin Tellis

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

This unusual workers' compensation matter arose from a motion by Claimant, Marvin Tellis, to determine the amount of attorney fees owed and from a motion for the return of attorney fees being held by his former attorney, Mitchel M. Evans, II. At issue was whether Mr. Evans followed statutory procedure in withholding his fee from Claimant's settlement; and, if so, whether the amount of the fee was appropriate under the law.

On April 24, 2011, Claimant suffered an injury while in the course and scope of his employment with Ash Timber Company. Claimant retained Mr. Evans to represent him in pursuing his workers' compensation claim. In accordance with the representation, Claimant signed an "Authorization, Assignment of Interest and Contract of Employment Under the Provisions of R.S. 37:218 [sic] and R.S. 9:5001," which set out the following:

> As a consideration for legal services rendered or to be rendered, client agrees to pay Mitchel M. Evans, II, Attorney at Law, the fee 20% of the first $20,000.00 collected and 10% of all amounts recovered in excess of $10,000.00, or the maximum fee authorized by law, whichever is greater. Any legally allowable award for attorney's fees under the provisions of R.S. 22:658, R.S. 23:1201.2, or any other statute of Louisiana, shall accrue to Mitchel M. Evans, II, Attorney at Law.

Upon the advice of Mr. Evans, Claimant entered into a $55,000.00 settlement agreement in exchange for a full and final settlement of the indemnity portion of his workers' compensation claim. The settlement did not include any claims for compensable medical treatment related to the employment accident. An order approving that partial settlement was signed on October 15, 2014. The order did not reference attorney fees in any manner.

On January 9, 2015, Claimant received correspondence from Mr. Evans outlining the proposed disbursement of funds received from the cash settlement. In

the disbursement document, Mr. Evans listed "Statutory Attorney Fee (20% of $202,187.48) = $40,437.49." The document did not specifically explain or list how Mr. Evans reached those amounts.

Claimant then retained another attorney to represent him in contesting the amount of attorney fees claimed by Mr. Evans. Correspondence was sent to Mr. Evans requesting a return of the fee. In response, Mr. Evans filed a "Motion to Determine Attorney's Fees." Claimant then filed a "Motion for Return of Funds Held as Attorney's Fees and Memorandum in Support Thereof."

Both matters came before the Office of Workers' Compensation on July 7, 2015. Mr. Evans explained the proposed $40,437.49 attorney fee by contending he did not take the statutorily approved twenty percent fee solely out of the $55,000.00 cash settlement, but he also took twenty percent of past indemnity benefits which had been received by Claimant on a weekly basis. The workers' compensation judge (WCJ) noted the two issues before him were: (1) was the fee as calculated by Mr. Evans in accordance with the statutory guidelines; and (2) was a judge's approval of the withheld funds required.

After reviewing the evidence and hearing the arguments of both parties, the WCJ rendered judgment in favor of Claimant, finding Mr. Evans did not comply with La.R.S. 23:1143(B)(2). Thus, the WCJ ordered the entire $40,437.49 amount withheld as attorney fees returned to Claimant. This appeal followed.

## ANALYSIS

Louisiana Revised Statutes 23:1141 reads:

> A. Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers' compensation judge. If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the workers' compensation judge. No privilege shall exist or be approved by a workers' compensation judge on injury benefits as provided in La.R.S. 23:1221(4)(s).

2

B. The fees of an attorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.

This court in *Lopez v. Isle of Capri Casino*, 13-418, p. 4 (La.App. 3 Cir. 11/6/13), 127 So.3d 55, 58-59, *writ denied*, 13-2833 (La. 2/21/14), 133 So.3d 684, discussed, in depth, the attorney fees authorized by La.R.S. 23:1141:

The fee authorized by section 1141 is known as the contractual fee. This fee is not authorized by statute, but is limited by statute. *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La.11/28/00), 773 So.2d 694. "Moreover, the contractual fee is not assessed against the employer or the employer's insurer, but is contractually payable by the employee to the attorney out of the employee's recovery of benefits that is attributable to the litigation handled by the attorney. Finally, the contractual fee, as a contingency fee, is payable in every case of successful litigation over unpaid benefits, irrespective of the employer's or insurer's failure to reasonably controvert the claim that benefits are due to the employee." *Id*. at 698. The contractual fee is limited because an injured worker receives at most two-thirds of his average weekly wage in compensation indemnity benefits. *Id.* The low rate of compensation established by section 1141 is theoretically offset by the statutory attorney fees authorized by La.R.S. 23:1210(F), which "may be viewed as an incentive for lawyers to accept more workers' compensation cases because of the possibility of greater attorney fees in some cases when the employer or insurer has refused to pay benefits." *Id*.

Louisiana Revised Statutes 23:1143(B)(1) provides "an attorney may withhold, as proposed attorney fees, a sum not to exceed twenty percent of all amounts recovered in his trust account . . . pending approval of such fees by the workers' compensation judge." Section (B)(2) of that statute further provides that "[a]n application for approval of fees shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment, whichever occurs later. Otherwise the funds shall be returned to the claimant."

In his oral reasons for judgment, the WCJ relied on *McKinney v. Little*, 95-177 (La.App. 3 Cir. 5/31/95), 660 So.2d 494. In *McKinney*, an attorney represented the injured worker in both tort and workers' compensation matters. The matters were settled simultaneously, with the attorney retaining one-third of

3

the amount the client received in both actions. The WCJ approved the settlement, and the order she signed provided, "the claimant's attorney be paid out of the lump sum settlement amount as provided in [La.]R.S. 23:1143(B)." *Id.* at 495. No other application for fee was filed.

The client complained that the attorney had withheld an excessive fee and, in fact, was entitled to no fee whatsoever as he had not filed a fee application in accordance with La.R.S. 23:1143. The WCJ rejected the claimant's argument that the attorney should recover no fee, but did reduce the fee to twenty percent of the amount recovered from the client's employer. The client appealed. This court agreed the attorney was not entitled to a one-third fee on all amounts he recovered on the claimant's behalf. This court also noted there had been no application for approval of any fees in any amount whatsoever. In addressing the failure of the attorney to file an application for approval of attorney fees, we stated:

> La.R.S. 23:1143 B requires that an application "shall be filed" and there is nothing to suggest that this requirement may be waived by the hearing officer. A reasonable interpretation of this provision is that a hearing officer must have an application in order to have sufficient information to approve the attorney's fees. It is the duty of the hearing officer to receive and review applications for fees based upon information in the application. It would not be logical to hold that such an officer has the authority to waive the requirement because in doing so he is also relieving himself of the duty to review the application.

*Id.* at 497.

Recently in *Lopez*, 127 So.3d 55, this court dealt with a similar factual scenario as here. In *Lopez*, a settlement was approved, and the attorney presented the claimant with a settlement statement that showed him recovering attorney fees of $86,221.60. This sum was calculated based upon the $135,616.00 the claimant had received plus the present value of the annuity purchased to fund the annual payments. The claimant filed a motion for the return of the funds asserting the attorney had not filed an application for approval of his fees; accordingly, he was

4

not entitled to any fee whatsoever. The WCJ ruled the attorney failed to file an application for approval of his fee and ordered the entire $86,221.60 returned to the claimant with legal interest. This court affirmed the WCJ's ruling, noting the purpose of La.R.S. 23:1141 and 23:1143 is to protect the claimant from being charged an excessive fee. We reiterated that "[t]he *McKinney* case makes it clear that an application for approval of fees is a requisite for the attorney recovering his fees." *Id.* at 60.

In this case, the settlement of the indemnity portion of Claimant's workers' compensation claim was approved on October 15, 2014. Mr. Evans did not file his Motion to Determine Attorney's Fees (which was filed in response to Claimant's correspondence with him questioning the appropriateness of the fee amount) until January 16, 2015, which is well past the thirty day period set forth in La.R.S. 23:1143(B)(2). As Mr. Evans' application was untimely under La.R.S. 23:1143, and following this court's rulings in *McKinney* and *Lopez*, the WCJ correctly found the attorney fees must be returned to Claimant.

Mr. Evans argues we should look at the legislative intent behind the enactment of La.R.S. 23:1143. This court in *McKinney*, 660 So.2d at 497, addressed the legislative intent, stating as follows:

> What is the penalty if an attorney fails to file such an application within the specified time? La.R.S. 23:1143 B(2) provides that "[o]therwise, the funds shall be returned to the claimant." This appears to be punitive in nature and perhaps it is. Apparently, the legislature felt that the requirement to apply for approval of fees was important enough to specify a penalty for failure to comply.
>
> . . . We find that neither of the hearing officers nor this court has the authority to refuse to enforce the legislature's mandate of La.R.S. 23:1143 B(2). Accordingly, the entire fee on the $55,000 compromise settlement must be returned to plaintiff.

The WCJ in this case followed both the clear and unambiguous language of La.R.S. 23:1143 and the dictates of this court in finding the entire fee must be returned to Claimant. Mr. Evans argues he did not intentionally violate the statute.

5

However, as Claimant notes, the statute makes no distinction between intentional and unintentional violations. Moreover, there was no evidence in the record of the intentions, or lack thereof, on the part of Mr. Evans. As noted earlier, Mr. Evans did not file his Motion to Determine Attorney's Fees until after he received the correspondence from Claimant questioning the amount of Mr. Evans' fee.

Mr. Evans also argues that the settlement of Claimant's indemnity benefits did not constitute a "settlement" as meant in La.R.S. 23:1143. We disagree. Mr. Evans sought judicial approval of the settlement and attempted to withhold a fee from the settlement proceeds. Moreover, La.R.S. 23:1143 provides the application for approval of attorney fees "shall be filed by the attorney within thirty days after the payment of the final weekly benefit, settlement of the claim, or payment of the judgment."

We also find no merit in Mr. Evans' argument that because the medical portion of the claim is still open, there was no settlement. As Claimant notes, medical benefits are not monetary benefits, such that a fee can be withheld from them. The settlement before the WCJ was a full settlement of the indemnity portion of the claim, and the portion from which Mr. Evans sought to withhold a fee.

Lastly, Mr. Evans argues the trial court did not consider the work product of the fee in order to determine the reasonableness of the proposed fee. The record establishes Mr. Evans failed to introduce any evidence of his work product, thus, there was nothing for the WCJ to consider. We note the WCJ did discuss the reasonableness of the proposed attorney fee, and found it disturbing and lacking in specifics:

> Now, certainly when an attorney takes more than 70 percent out of a settlement check, some explanation is called for. The sum, total, and extent of the explanation on the disbursal sheet is, "statutory fee 20 percent of $202,187.48."

Now, at the hearing, Mr. Evans told the Court that his fee was based upon the cash settlement and past weekly indemnity benefits which had been received by [Claimant]. He explained that he did not take 20 percent of these weekly benefit checks.

So apparently, when the $55,000 cash settlement arrived, the attorney took 20 percent of it, but he also took 20 percent of the weekly checks. But [Claimant's counsel] is correct in insisting that math for this formula just doesn't work. I don't understand how the total of $202,187.48 was calculated. Perhaps, we could have cleared up this confusion when the motion for approval of attorneys' fees came to the court but here was no such motion.

Moreover, as stated above, Mr. Evans did not seek approval of his proposed fee in accordance with La.R.S. 23:1143, and the law and jurisprudence mandate the return of the entire fee to Claimant.

**DECREE**

For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed to defendant-appellant, Mitchel M. Evans.

**AFFIRMED.**